56 P.3d 42

STATE of Arizona, Plaintiff–Appellee,

v.

OLD WEST BONDING COMPANY, Don's Better Bail Bonds, and Safety National Casualty Corporation, Real Parties in Interest–Appellants.

Nos. 1 CA–CV 01–0436, 1 CA–CV 01–0499, 1 CA–CV 01–0510, 1 CA–CV 01–0512.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 26, 2002.

Richard M. Romley, Maricopa County Attorney, by Peter S. Spaw, Deputy County Attorney, Phoenix, Attorney for Plaintiff–Appellee.

Clifford M. Sherr, Phoenix, Attorney for Real Parties in Interest–Appellants.

Joey N. Hamby, Phoenix, Attorney for Amicus Professional Bail Agents of Arizona, Inc.

## OPINION

HALL, Judge.

¶1 In this consolidated matter, Old West Bonding Company ("Old West"), Don's Better Bail Bonds ("Don's"), and Safety National Casualty Corporation[1] appeal from six judgments forfeiting appearance bonds. In each case, after the defendant failed to appear for scheduled court proceedings, the trial court issued a bench warrant and scheduled a forfeiture hearing. Following each hearing, the trial court entered judgment forfeiting the entire appearance bond based on its belief that forfeiture was mandated because the surety failed to provide a reasonable explanation or excuse for the defendant's nonappearance. *See* Ariz. R.Crim. P. 7.6(c)(2). Concluding that the trial court misapplied various provisions of recently amended Arizona Rule of Criminal Procedure ("Rule") 7.6 (see Appendix),[2] we vacate each judgment and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

¶2 We begin by reciting the relevant facts in each case.

*Superior Court No. CR2001–090550 (Tart)*

¶3 Tart was released from custody January 13, 2001, on an appearance bond in the

---

**1.** Safety National Casualty Corporation is the third-party surety for Don's.

**2.** For ease of reference and to facilitate use of this opinion, we have attached the current version of Rule 7.6 and its 1973 and 1956 predecessors as an Appendix.

amount of $3,540 posted by Old West. When he failed to appear on June 21, 2001, for the first day of trial, the trial court issued a bench warrant for his arrest and scheduled a bond forfeiture hearing for August 6, 2001. Old West received notice of the bench warrant on June 28, 2001. That same day, its agents arrested Tart at his home and surrendered him to the Maricopa County Sheriff's Office ("MCSO"). At the forfeiture hearing, Tart explained that he did not appear on June 21 because he thought his trial began June 22.[3] Finding no reasonable cause for Tart's failure to appear, the court ordered forfeiture of the entire amount of the bond.

### Superior Court No. CR1999–012996 (Sanders)

¶ 4 Sanders was released from custody on October 31, 2000, on an appearance bond in the amount of $10,000 posted by Old West. When he failed to appear on March 22, 2001, for the return of verdict following his jury trial, the trial court issued a bench warrant for his arrest and scheduled a bond forfeiture hearing for May 21, 2001. Sanders was arrested on the bench warrant on April 27, 2001.

¶ 5 At the forfeiture hearing Old West's representative informed the trial court that Old West did not receive the required notice that a bench warrant had been issued. If it had, argued Old West, it could have placed Sanders into custody because it was in frequent contact with him, including two occasions—April 3 and April 17—when Sanders came to its office. The court acknowledged that a copy of the minute entry regarding issuance of the bench warrant was sent to the wrong bonding company (Affordable Bail Bonds), but it forfeited the entire amount of the bond because the explanation offered by Sanders—"I was kind of like scared"—for his nonappearance was not a reasonable excuse

---

**3.** In addition, Tart was arrested on June 21 for violating the open container laws and then booked on an unrelated warrant for an alleged offense committed in May 2001. The record is unclear whether his arrest on June 21 occurred before or after the time his trial was scheduled to begin. This ambiguity does not affect our analysis, however, because a defendant's inability to appear due to incarceration on an offense committed subsequent to release on bond does not

and the lack of requisite notice was not a "flaw" that prevented forfeiture.

### Superior Court No. CR2001–002471 (Wolfe)

¶ 6 Wolfe was released from custody on May 7, 2001, on an appearance bond in the amount of $1,770 posted by Old West. When Wolfe failed to appear for sentencing on June 4, 2001, the trial court issued a bench warrant for her arrest and scheduled a forfeiture hearing for July 30, 2001. Old West received notice of the bench warrant, apprehended Wolfe on June 13, and surrendered her to the MCSO. At the forfeiture hearing, which was rescheduled to August 27, 2001, Wolfe stated that she failed to appear because she was "strung out on heroin." Finding no reasonable excuse, the court forfeited the bond.

### Superior Court No. CR2001–000466 (Denton)

¶ 7 Denton was released from custody on March 26, 2001, on an appearance bond in the amount of $1,770 posted by Old West. When she failed to appear for sentencing on June 11, 2001, the trial court issued a bench warrant for her arrest and scheduled a bond forfeiture hearing for July 30, 2001. Old West received notice of the bench warrant, apprehended Denton, and surrendered her to the MCSO on June 22, 2001. At the forfeiture hearing, Denton stated that she had failed to appear for sentencing because she knew she would be incarcerated. Finding no reasonable cause for her nonappearance, the court forfeited the bond.

### Superior Court Nos. CR2001–004538/CR2000–018611 (Bromwell)

¶ 8 Bromwell was released from custody in two separate cases on April 18, 2001, on appearance bonds posted by Don's for $1,500

---

constitute an explanation or excuse under Rule 7.6(c)(2). *See, e.g., State ex rel. Ronan v. Superior Court,* 96 Ariz. 229, 232–33, 393 P.2d 919, 921 (1964); *State v. Rocha,* 117 Ariz. 294, 297, 572 P.2d 122, 125 (App.1977); *State ex rel. Corbin v. Superior Court,* 2 Ariz.App. 257, 262, 407 P.2d 938, 943 (1965).

and $1,770. When Bromwell failed to appear on July 11, 2001, for sentencing on both matters, the trial court issued a bench warrant for his arrest and scheduled a forfeiture hearing for September 17, 2001. After receiving notice of the bench warrant, Don's apprehended Bromwell and surrendered him to the MCSO on July 16, 2001. Following the forfeiture hearing, the court found no reasonable excuse for Bromwell's failure to appear and ordered forfeiture of both bonds.

## STANDARD OF REVIEW

¶ 9 On appeal, we examine the evidence "in the light most favorable to support the judgment of the trial court." *State v. Garcia Bail Bonds,* 201 Ariz. 203, 205, ¶ 5, 33 P.3d 537, 539 (App.2001). We review a trial court's order forfeiting the bond for an abuse of discretion, but we interpret de novo court rules governing appearance bonds. *Id.*

## DISCUSSION

### I

¶ 10 Although the specific explanation given by the trial court in each case for forfeiting the bond varied depending on the facts, the trial court's overriding rationale was its belief that Rule 7.6(c)(2)[4] mandated forfeiture of the entire bond unless the surety justified the defendant's nonappearance. *See State v. Rogers,* 117 Ariz. 258, 261, 571 P.2d 1054, 1057 (App.1977).

¶ 11 Appellants, on the other hand, claim that an appearance bond cannot be forfeited pursuant to Rule 7.6(c)(2) but must instead be exonerated pursuant to Rule 7.6(d)(2) whenever a surety surrenders the defendant *after* the defendant has violated a condition of his or her appearance bond but *before* entry of the forfeiture judgment. Appellants, pointing to the 1998 amendments to Rule 7.6, contend that a prejudgment surrender of the defendant constitutes reasonable cause to avoid forfeiture.

¶ 12 We interpret rules of procedure, as we do statutes, by their plain mean-

ing. *Ariz. Dep't of Revenue v. Superior Court,* 189 Ariz. 49, 52, 938 P.2d 98, 101 (App.1997). We must "give effect to each word, phrase, and clause included by the supreme court." *Id.* Furthermore, "[r]ules of procedure and statutes are read in conjunction with each other and harmonized whenever possible." *Groat v. Equity Am. Ins. Co.,* 180 Ariz. 342, 347, 884 P.2d 228, 233 (App.1994).

¶ 13 To properly consider appellants' claim, we must first review Arizona's "reasonable cause" requirement. Historically, the requisite explanation or excuse embodied in Rule 7.6(c)(2) has been limited to an explanation of the circumstances surrounding the defendant's nonappearance. For example, former Arizona Rule of Criminal Procedure 74 (1956) required a surety to demonstrate "reasonable cause" for the defendant's nonappearance for remission of a forfeiture judgment. *See, e.g., State ex rel. Ronan v. Superior Court,* 96 Ariz. 229, 233, 393 P.2d 919, 921 (1964) (trial court erred in vacating forfeiture judgment because defendant's arrest and incarceration in another state two days after his scheduled court date in Arizona was not reasonable cause for his nonappearance); *State ex rel. Corbin v. Superior Court,* 2 Ariz.App. 257, 261, 407 P.2d 938, 942 (1965) ("When a defendant is absent at the appointed time, the State has the right to a forfeiture and the burden of proof rests with the surety to show reasonable cause."); *United Bonding Ins. Co. v. City Court of the City of Tucson,* 6 Ariz.App. 462, 464, 433 P.2d 642, 644 (1967) (" 'Reasonable cause,' within the contemplation of [Rule 74], means reasonable cause for the nonappearance of the defendant.").

¶ 14 In 1973, as part of its comprehensive revision of the criminal rules of procedure, the supreme court combined former Rules 70–75 (1956) into a single proceeding under then Rule 7.6(d) (1973). *See* Rule 7.6(d) (1973) cmt. The explanation or excuse required under Rule 7.6(d) (1973) was deemed a continuation of the "reasonable cause" requirement under former Rule 74. *See, e.g.,*

---

**4.** "If at the [forfeiture] hearing, the violation is not explained or excused, the court may enter an appropriate order of judgment forfeiting all or

part of the amount of the bond, which shall be enforceable by the state as any civil judgment."

*State v. Veatch,* 132 Ariz. 394, 397, 646 P.2d 279, 282 (1982); *Rogers,* 117 Ariz. at 260, 571 P.2d at 1056.[5]

¶ 15 Against this background, we address appellants' claim that, regardless of the reason for a defendant's nonappearance, the 1998 amendments to Rule 7.6 entitle a surety to exoneration of an appearance bond so long as the surety surrenders the defendant before entry of the forfeiture judgment. In making this argument, appellants rely primarily on Rule 7.6(d)(2), which provides:

> If the surety, in compliance with the requirements of A.R.S. § 13–3974,[6] surrenders the defendant to the sheriff of the county in which the prosecution is pending, or delivers an affidavit to the sheriff stating that the defendant is incarcerated in this or another jurisdiction, and the sheriff reports the surrender or status to the court, the court *may* exonerate the bond.

(Emphasis added.) Conceding that the word "may" connotes discretion, appellants nonetheless argue that the court's discretion is limited to determining whether exoneration would be unjust or unreasonable under the circumstances. We disagree.

■ ¶ 16 Even assuming that Rule 7.6(d)(2), read in isolation, supports such a construction, our obligation is to give effect to each part of Rule 7.6(d) and harmonize, if possible, its three parts with one another and with the remainder of Rule 7.6. Further, we must strive to interpret the rule to give it a fair and sensible meaning. *See Citadel Care Ctr. v. Ariz. Dep't of Revenue,* 200 Ariz. 286, 289, ¶ 11, 25 P.3d 1158, 1161 (App.2001) (reviewing court required to give a statute a fair and sensible meaning); *State v. Superior Court (Pawlowicz),* 195 Ariz. 555, 559, ¶ 13, 991 P.2d 258, 262 (App.1999) (reviewing court required to give administrative rules and regulations a fair and sensible meaning).

■ ¶ 17 Our review of the process that culminated in the 1998 amendments to Rule 7.6 leads us to reject appellants' construction of Rule 7.6(d)(2) as unfounded. The impetus for the 1998 amendments was the petition filed by the Professional Bail Agents of Arizona, Inc. ("PBA"), which also filed the *amicus* brief in this case. *See* Am. Pet. to Amend R. 7.6 of the Ariz. R.Crim. P. (filed Ariz. Sup.Ct. July 24, 1997). In its amended petition, the PBA proposed that former Rule 7.6(e) be amended to require exoneration of all or part of the appearance bond in a variety of postviolation scenarios, including when the surety apprehends and surrenders the defendant before the bond is forfeited.[7] However, as promulgated by the supreme court, amended Rule 7.6(d) only mandates

---

5. Except for the substitution of the word "state" for "prosecutor" in 1998, *see* Order Amending Rules 7.1, 7.4, 7.5, and 7.6, Arizona Rules of Criminal Procedure, Supreme Court Nos. R–97–0010 and R–97–0034 at 3–4 (October 2, 1998) (effective Dec. 1, 1998), the text of this portion of Rule 7.6 has remained unchanged since 1973.

6. "A surety *may* be relieved from liability on an appearance bond if the surety surrenders the defendant into the custody of the sheriff of the county in which the prosecution is pending and the sheriff reports the surrender to the court." (Emphasis added.)

7. The PBA's proposed Rule 7.6(d) provided:

d. *EXONERATION.* ANY PERSON EXECUTING AN APPEARANCE BOND AS PRINCIPAL OR AS SURETY *SHALL* HAVE THE APPEARANCE BOND EXONERATED ...:
(1) AT ANY TIME THAT THE COURT FINDS THAT THERE IS NO FURTHER NEED FOR AN APPEARANCE BOND.
(2) UPON APPREHENSION AND SURRENDER OF THE DEFENDANT INTO CUSTODY AT ANY TIME BEFORE A JUDGMENT HAS

BEEN ENTERED AGAINST THE SURETY FOR FORFEITURE OF THE BOND....
(3) WHEN THE SURETY APPEARS AND PROVIDES SATISFACTORY EVIDENCE TO THE COURT THAT THE DEFENDANT IS UNABLE TO APPEAR BEFORE THE COURT DUE TO SUCH DEFENDANT'S DEATH, ILLNESS, DEPORTATION BY FEDERAL AUTHORITIES, OR BECAUSE OF THE DETENTION OR INCARCERATION OF SUCH DEFENDANT....
(4) IF JUDGMENT OR FORFEITURE HAS BEEN ENTERED, THE COURT SHALL, UPON MOTION BY THE SURETY OR PROFESSIONAL BONDSMAN, SET ASIDE THE JUDGMENT OF FORFEITURE AND EXONERATE THE APPEARANCE BOND IF SAID MOTION IS FILED NOT LATER THAN SIX MONTHS FROM THE ENTRY OF THE JUDGMENT OF FORFEITURE AND IF THE DEFENDANT WHO CAUSED THE FORFEITURE OF THE APPEARANCE BOND OR BAIL IS APPREHENDED AND THE COUNTY HAS BEEN REPAID ITS COSTS, IF ANY, FOR APPREHENDING THE DEFENDANT.
*Id.* at App. (emphasis added).

exoneration if the defendant does not violate any condition of the appearance bond. *See* Rule 7.6(d)(1). In all other scenarios, Rule 7.6(d) grants the trial court discretion whether to exonerate the bond. Thus, it is clear that the supreme court considered and rejected PBA's much broader proposal, similar to that urged by appellants here. That proposal would have mandated exoneration, regardless of the existence of reasonable cause for a defendant's nonappearance, if the defendant was apprehended within six months after entry of a forfeiture judgment.

¶ 18 Our repudiation of appellants' claim that the supreme court intended to broaden—or eliminate—the concept of "reasonable cause" when it amended Rule 7.6 is further supported by the definition of "surety" in Rule 7.1(e) as "one, other than the person released, who executes an appearance bond and binds himself or herself to pay its amount if the person released fails to comply with its conditions." Each of the appearance bonds in these cases contained the standard condition that the defendant appear at all court proceedings. *See* Ariz. R.Crim. P. Form 7—Appearance Bond. Clearly, a surety does not meet its obligation pursuant to Rule 7.6 merely by surrendering a nonappearing defendant before entry of a forfeiture judgment.

## II

¶ 19 Having rejected appellants' argument that Rule 7.6(c)(2) and Rule 7.6(d)(2), when read in conjunction, require that the forfeiture judgments be vacated and the bonds exonerated, we now consider whether, in the absence of reasonable cause for nonappearance, the forfeiture of an appearance bond under Rule 7.6(c)(2) is nonetheless discretionary. Relying on *Rogers,* the trial court here believed that Rule 7.6(c)(2) required forfeiture of the entire amounts of the bonds absent a showing of reasonable cause for the defendants' nonappearances. If, however, pursuant to the 1998 amendments to Rule 7.6, the trial court had discretion not to forfeit an appearance bond when a defendant violated one of its conditions, then we must necessarily vacate the forfeiture judgments and remand the cases for rehearing under a

discretionary standard. *See Sun Valley Express Moving & Storage, Inc. v. Ariz. Dep't of Econ. Sec.,* 140 Ariz. 131, 133, 680 P.2d 841, 843 (App.1984) (failure to recognize and exercise discretion is itself an abuse of discretion).

¶ 20 The relevant portion of Rule 7.6(c)(2)—"[i]f at the hearing, the violation is not explained or excused, the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond"—has remained unchanged since it was promulgated in 1973. We have previously interpreted this language as mandating forfeiture of the entire bond absent reasonable cause for the defendant's nonappearance. *Rogers,* 117 Ariz. at 261, 571 P.2d at 1057 ("We hold however, that once the court has determined there was no justification for the defendant's non-appearance and no reasonable cause has been shown for reduction of the bond, the court has no discretion other than to forfeit the bond in its entirety.").

¶ 21 In interpreting former Rule 7.6(d), *Rogers* relied on case law interpreting former Rules 70–75. *Id.* at 259–60, 571 P.2d at 1055–56. Under the 1956 Rules, subject to the opportunity for "discharge" or "remission," Arizona courts only possessed the authority to forfeit the entire amount of a bond, regardless of the surety's later apprehension and surrender of the defendant:

> We have no statutory provision affording relief to a surety from forfeiture if the surety surrenders the principal after forfeiture. Therefore, had the [surety] successfully apprehended the defendant and surrendered him, either in pursuance of a warrant issued by the court or otherwise, such post-forfeiture surrender would not necessarily have entitled the surety to remission of the forfeiture. Rule 74[ ] limits the scope of the trial court's discretionary power to set aside a judgment of forfeiture only "for reasonable cause shown."

*United Bonding,* 6 Ariz.App. at 464, 433 P.2d at 644; *see also Corbin,* 2 Ariz.App. at 264, 407 P.2d at 945 (absent reasonable cause for defendant's nonappearance, trial court loses its discretion and bond forfeiture becomes almost a "ministerial duty").

¶ 22 Despite otherwise extensive revisions it made to Rule 7.6 in 1998, the supreme court did not amend the operative language of Rule 7.6(d), but rather simply renumbered it as 7.6(c)(2). Thus, upon initial consideration, it might appear that *Rogers'* longstanding "no discretion" rule remains viable. However, after examining the entirety of the 1998 amendments, *see State v. Treadway,* 88 Ariz. 420, 421, 357 P.2d 157, 158 (1960) ("Each and every part of the Criminal Rules must be construed in the light of and in connection with each and every other rule as if the individual rules in fact constituted a single part."), we conclude that the "no discretion" interpretation of former Rule 7.6(d) is inconsistent with other provisions of the current rule. *See In re Victoria K.,* 198 Ariz. 527, 532, 11 P.3d 1066, 1071 (App.2000) (applying interpretive presumption that the Arizona Supreme Court intends to change an existing rule when the court modifies its language).

¶ 23 When Rule 7.6(c)(2) (forfeiture) is read in conjunction with Rule 7.6(d) (exoneration), it appears that the supreme court intended that a surety would be entitled to exoneration of the entire appearance bond only in the previolation scenario referred to in Rule 7.6(d)(1) (the court "shall exonerate the appearance bond"), which is not affected by Rule 7.6(c)(2). In all other situations, Rule 7.6(d) grants the trial court discretion in determining whether to exonerate the bond (and the timing of any exoneration), including a postviolation surrender of a defendant pursuant to subpart (d)(2) ("the court may exonerate the bond"). But if Rule 7.6(c)(2) were read to mandate forfeiture whenever a defendant violates a condition of his or her appearance bond and the surety is unable to establish reasonable cause for the violation, then Rule 7.6(d)(2) would be rendered meaningless. Clearly, a "no discretion" interpretation of Rule 7.6(c)(2) cannot co-exist with the discretionary standard in Rule 7.6(d)(2), which contemplates the possibility of bond exoneration if a surety surrenders a defendant *after* violation. To give meaningful effect to both Rule 7.6(c)(2) and Rule 7.6(d), we construe the word "may" in Rule 7.6(c)(2) as having its usual discretionary meaning, thus enabling a trial court to consider when, and in what amount, to forfeit or exonerate a bond. *See Matter of Guardianship of Cruz,* 154 Ariz. 184, 185, 741 P.2d 317, 318 (App. 1987) (when "shall" and "may" are used in the same paragraph of a statute, we infer that the legislature intended each term to carry its ordinary meaning).

¶ 24 In addition to avoiding potential conflict between two related parts of the same rule, our construction of the current rule is consistent with the supreme court's obvious intent to harmonize the court rule and statutory provisions regarding exoneration[8] and its adoption of the PBA's request that the trial court notify the surety within 10 days whenever it issues a bench warrant after a defendant's violation of a condition of an appearance bond. *Compare* Rule 7.6(c)(1) (the court shall "send a copy of the minute entry evidencing the issuance of such bench warrant to the surety within ten days after the issuance of the warrant") *with* PBA's Proposed Rule 7.6(c) (the court "shall send a copy of the minute entry evidencing the issuance of such bench warrant to the surety within ten days thereafter"). The evident purpose of this addition to Rule 7.6, and the concomitant extension from 10 days to 120

---

8. At the time of its promulgation in 1998, Rule 7.6(d)(2) paralleled the similar provisions in A.R.S. § 13–3974 (1990), which provided:

A. A surety may be relieved from liability on an appearance bond if the surety:

1. Surrenders the defendant into the custody of the sheriff of the county in which the prosecution is pending and the sheriff reports the surrender to the court.

2. Delivers to the sheriff of the county in which the prosecution is pending an affidavit which states that the defendant is in the custody of the federal government, this or any other state or any county of this or any other state.

On receipt of the affidavit, the sheriff shall confirm the custodial status of the defendant and shall report this status to the court.

B. Upon report by the sheriff as provided in this section, the court may exonerate the bond and discharge the surety from further liability on the bond.

In 1999, the legislature amended § 13–3974 by deleting subsection A(2) and section B.1999 Ariz. Sess. Laws, ch. 261, § 39. We need not consider the effect, if any, of the 1999 statutory amendment on the scope of Rule 7.6(d)(2) because none of the defendants in these cases were apprehended outside Maricopa County.

days within which a forfeiture hearing must be scheduled, *compare* Rule 7.6(d) (1973) *with* Rule 7.6(c)(1), was to allow a surety an opportunity to avoid or mitigate the forfeiture either by locating and surrendering the defendant in compliance with Rule 7.6(d)(2) or by presenting circumstances to the court that would warrant exoneration pursuant to Rule 7.6(d)(3).

¶ 25 Therefore, we interpret Rule 7.6(c)(2)'s forfeiture remedy as discretionary rather than mandatory. Accordingly, the trial court's reliance on *Rogers* was misplaced, and we must remand each case so the trial court may exercise its discretion in determining whether to forfeit all, part, or none of the appearance bond pursuant to Rule 7.6(c)(2) and whether any part of the bond not forfeited should be exonerated pursuant to Rule 7.6(d)(2) or (3). In doing so, we are mindful of the concern expressed in *Rogers* that a discretionary reading of former Rule 7.6(d) could lead to disparate results "at the mere whim of the court." 117 Ariz. at 260, 571 P.2d at 1056. But the grant of discretion to a court does not mean that it can be exercised arbitrarily with impunity; rather, as always, such discretion must be exercised reasonably, not whimsically. *In re Welisch,* 18 Ariz. 517, 521, 163 P. 264, 265 (1917) ("[W]hen the law gives to a court or judge a power to be exercised at discretion, it means a sound legal discretion. It does not mean a wild whimsical discretion . . . .").

¶ 26 It is beyond the scope of this opinion, if it were even possible, to catalog all of the circumstances that might bear on the court's discretionary decision whether, and in what amount, to forfeit an appearance bond. In general, however, we believe relevant considerations may include: (1) whether the defendant's failure to appear due to incarceration arose from a crime committed before or after being released on bond; (2) the willfulness of the defendant's violation of the appearance bond; (3) the surety's effort and expense in locating and apprehending the defendant; (4) the costs, inconvenience, and prejudice suffered by the state as a result of the violation; (5) any intangible costs; (6) the public's interest in ensuring a defendant's appearance; and (7) any other mitigating or aggravating factors. *State v. Fry,* 128 Idaho 50, 910 P.2d 164, 167–68 (App.1994); *see also United States v. Castaldo,* 667 F.2d 20, 21 (9th Cir.1981).

**III**

¶ 27 As an additional reason for vacating the judgment in *Sanders,* Old West argues that the proceedings culminating in that forfeiture were "fatally tainted" because Old West was not sent a copy of the minute entry regarding the issuance of the bench warrant as required by Rule 7.6(c)(1). Alternatively, Old West, citing its alleged frequent contacts with Sanders after issuance of the warrant and before his arrest, claims that it was prejudiced by the lack of notice because it was deprived of an opportunity to apprehend and surrender Sanders before law enforcement authorities arrested him. *See State v. Jackson,* 184 Ariz. 296, 300, 908 P.2d 1081, 1085 (App.1995) (affirming forfeiture judgment because surety not prejudiced by the trial court's failure to set forfeiture hearing within the time required by former Rule 7.6(d) (1973)).

¶ 28 We disagree with Old West's claim that the trial court's failure to comply with the procedural requirements of Rule 7.6(c)(1) requires the dismissal of the forfeiture action. Dismissal would only be appropriate if any prejudice suffered by Old West because of the lack of notification could not otherwise be remedied. *See Matter of Bond Forfeiture in CR–94019213,* 191 Ariz. 304, 306, ¶ 7, 955 P.2d 541, 543 (App.1998) ("[D]ismissal of the forfeiture action is not required so long as the surety is afforded the opportunity to contest the forfeiture and fails to establish prejudice resulting from the untimely hearing.") (citing *Jackson,* 184 Ariz. at 300, 908 P.2d at 1085). Here, even if Old West had arrested Sanders after receiving timely notification of the bench warrant, exoneration of the bond would still have been discretionary with the court. *See* discussion *supra* ¶¶ 23–26. Therefore, as with the other cases in this consolidated appeal, the proper remedy in Sanders' case is limited to vacating the forfeiture judgment and remanding for a new hearing at which time Old West may seek exoneration pursuant to Rule 7.6(d)(2) or (3).

## CONCLUSION

¶ 29 Rule 7.6(c)(2), when construed in light of the supreme court's 1998 amendments to Rule 7.6, requires a trial court to exercise its discretion by considering relevant circumstances in determining whether, and to what extent, an appearance bond should be forfeited when a surety presents no reasonable cause for the defendant's nonappearance. Because the trial court in these cases erroneously believed that it lacked such discretion and that forfeiture was mandatory if the surety failed to establish reasonable cause for a violation of the appearance bond, we vacate each judgment and remand for further proceedings consistent with this opinion.

CONCURRING: SUSAN A. EHRLICH, Presiding Judge, and DANIEL A. BARKER, Judge.

## APPENDIX

### RULE 7.6 (1998):

**a. Transfer Upon Supervening Indictment.** An appearance bond or release order issued to assure the defendant's presence for proceedings following the filing of a felony complaint in justice of the peace court shall automatically be transferred to the same charge prosecuted by indictment, even though the felony complaint is dismissed.

**b. Filing and Custody of Appearance Bonds and Security.** Appearance bonds and security shall be filed with the clerk of the court in which a case is pending or the court where the initial appearance is held. Whenever the case is transferred to another court, any appearance bond and security shall also be transferred.

**c. Forfeiture Procedure.**

(1) *Notice and Hearing.* If at any time it appears to the court that the released person has violated a condition of an appearance bond, it shall issue a bench warrant for the person's arrest and send a copy of the minute entry evidencing the issuance of such bench warrant to the surety within ten days after the issuance of the warrant. The court shall also set a hearing within a reasonable time not to exceed 120 days requiring the parties and any surety to show cause why the bond should not be forfeited. The court shall provide notice of the hearing to the parties and any surety by mailing copies of the minute entry to the addresses previously provided by the parties to the court.

(2) *Forfeiture.* If at the hearing, the violation is not explained or excused, the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond, which shall be enforceable by the state as any civil judgment.

**d. Exoneration.**

(1) At any time before violation that the court finds that there is no further need for an appearance bond, it shall exonerate the appearance bond and order the return of any security deposited.

(2) If the surety, in compliance with the requirements of A.R.S. § 13–3974, surrenders the defendant to the sheriff of the county in which the prosecution is pending, or delivers an affidavit to the sheriff stating that the defendant is incarcerated in this or another jurisdiction, and the sheriff reports the surrender or status to the court, the court may exonerate the bond.

(3) In all other instances, the decision whether or not to exonerate a bond shall be within the sound discretion of the court.

**e. Post–Forfeiture Notice.** After entering an order of forfeiture, the court shall forward: (1) a copy of the forfeiture minute entry to the defendant, the defendant's attorney, and the surety; and (2) a copy of a signed forfeiture minute entry to the county attorney for collection.

### RULE 7.6 (1973): [9]

**a. Transfer Upon Supervening Indictment.** An appearance bond or release order issued to assure the defendant's presence for proceedings following the filing of a felony complaint in justice of the peace court shall automatically be transferred to the same

---

**9.** The only change to Rule 7.6 between 1973 and 1998 was an amendment in 1993 that added the language "or the court where the initial appearance is held" at the end of the first sentence in Rule 7.6(b).

charge prosecuted by indictment, even though the felony complaint is dismissed.

**b. Filing and Custody of Appearance Bonds and Security.** Appearance bonds and security shall be filed with the clerk of the court in which a case is pending or the court where the initial appearance is held. Whenever the case is transferred to another court, any appearance bond and security shall also be transferred.

**c. Surrender by Surety.** At any time a surety may surrender to the sheriff a person released, and the sheriff shall certify such surrender to the court.

**d. Forfeiture.** If at any time it appears to the court that a condition of an appearance bond has been violated, it shall require the parties and any surety to show cause why the bond should not be forfeited, setting a hearing thereon within 10 days. If at the hearing, the violation is not explained or excused, the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond, which shall be enforceable by the prosecutor as any civil judgment.

**e. Exoneration.** At any time that the court finds that there is no further need for an appearance bond, it shall exonerate the appearance bond and order the return of any security deposited.

**RULES 70–75 (1956):**

**RULE 70: Forfeiture of undertaking**

If there is a breach of the undertaking, the court where the cause is pending shall make a record thereof and shall declare the undertaking, and any money or bonds that have been deposited as bail, forfeited.

**Rule 71. Payment of forfeited bail to county treasurer**

If money or bonds have been deposited as bail and the forfeiture of the bail is not discharged within the time required, the official with whom it was deposited, shall, at the end of thirty days from the order forfeiting the bail, pay the money or bonds so deposited to the county treasurer.

**Rule 72. Discharge of forfeiture**

If, at any time within ten days after the undertaking has been forfeited, the breach of the undertaking is satisfactorily explained, and the defendant has in all other respects complied with the condition of the undertaking, the court before which the action is pending may direct the forfeiture of the undertaking to be discharged upon such terms as are just.

**Rule 73. Enforcement of forfeiture**

If the forfeiture is not discharged as provided in Rule 72, and the undertaking is one secured otherwise than by the deposit of money or bonds, the county attorney, immediately after the lapse of ten days after the forfeiture, shall proceed against the defendant, or any surety, upon his undertaking, as follows:

The county attorney shall file a certified copy of the order of the court or judge forfeiting the undertaking in the office of the clerk of the superior court of the county wherein such order was made, and thereupon the clerk shall docket the order and enter judgment against the person bound by the undertaking for the amount of the penalty thereof, and execution shall be issued to collect the amount of the undertaking.

**Rule 74. Remission of forfeiture**

After the entry of judgment on the undertaking as provided for in Rule 73, the court directing the forfeiture may for reasonable cause shown within twenty days set aside the judgment wholly or in part upon such terms as are just, and shall set aside the forfeiture if it appears that there was no breach of the undertaking.

**Rule 75. Application for remission of forfeiture**

Application to set aside or modify the judgment shall be made within twenty days from the entry of judgment, shall be accompanied by affidavits setting forth the facts on which it was founded, and shall be upon at least ten days notice to the county attorney. Such notice shall be accompanied by a copy of the affidavit and of any other paper on which the application is founded. The application shall be granted only upon payment of the costs and expenses incurred by the county in the proceedings for the enforcement of the for-

feiture unless it is granted on the ground that there was no breach of the undertaking.