BASCHAB, Judge.
On January 7, 2003, the appellant, Gregory Valdez Phillips, pled guilty to first-degree sexual abuse. The trial court sentenced him to serve a term of ten years in prison, but split his sentence and ordered him to serve five months followed by five years on supervised probation. On August 3, 2005, the appellant’s probation officer filed an “Officer’s Report on Delinquent Probationer.” .After conducting a revocation hearing, the circuit court revoked the appellant’s probation. This appeal followed.
The appellant argues that the circuit judge did not have jurisdiction to revoke his probation. Specifically, he contends that the circuit judge who revoked his probation was not the sentencing judge in his case and that Rule 27.6(a), Ala. R.Crim. P., requires that the revocation hearing be conducted by the sentencing judge. The record indicates that the judge who conducted the appellant’s revocation hearing was not the same judge who sentenced him. However, it also indicates that the appellant was convicted and sentenced in the Mobile Circuit Court; that his revocation hearing was conducted in the Mobile Circuit Court; and that the judge who conducted the revocation hearing was a Mobile Circuit Court Judge.
Rule 27.5(a), Ala. R.Crim. P., provides, in pertinent part:
“When a probationer is arrested pursuant to Rule 27.4(b) or Rule 27.4(c), the probation officer shall be notified immediately (unless the officer made the arrest), and the probationer shall be taken without unnecessary delay before the judge who issued the warrant or summons, if available, or, in the case of an arrest without a warrant, before the original sentencing judge, if available; otherwise, the probationer shall be taken before another judge of the same district or circuit....”
*1103 (Emphasis added.) However, that rule governs only the initial appearance during the revocation proceedings. Rule 27.6(a), Ala. R.Crim. P., which governs the actual revocation hearing, provides, in pertinent part:
“A hearing to determine whether probation should be revoked shall be held before the sentencing court within a reasonable time after the probationer’s initial appearance.... ”
(Emphasis added.)
“ ‘[W]ords used in court rules must be given their plain meaning.’ Nieto v. State, 842 So.2d 748, 749 (Ala.Crim.App. 2002). In construing a rule promulgated by [the Alabama Supreme] Court, effect must be given to ‘each word, phrase, and clause.’ State v. Old West Bonding Co., 203 Ariz. 468, 471, 56 P.3d 42, 45 (Ct. App.2002).”
Southeastern Meats of Pelham, Inc. v. City of Birmingham, 895 So.2d 909, 913 (Ala.2004).
Although Rule 27.5(a), Ala. R.Crim. P., includes specific provisions governing which judge shall preside over the initial appearance, Rule 27.6(a), Ala. R.Crim. P., does not. Rather, it simply provides that the revocation hearing shall be held before the sentencing court. In Rule 27.6, Ala. R.Crim. P., the Alabama Supreme Court used the term “sentencing court” as opposed to the term “original sentencing judge,” which it used in Rule 27.5(a), Ala. R.Crim. P., and we assume that the supreme court had its reasons for choosing that term. Cf. Ex parte Sandifer, 925 So.2d 290, 294 (Ala.Crim.App.2005) (holding that a presiding circuit court judge’s order appointing another circuit court judge as the presiding judge over all petitions for reconsideration of sentence pursuant to § 13A-5-9.1, Ala.Code 1975, conflicted with the language in § 13A-5-9.1, Ala.Code 1975, because “[t]he legislature chose to use the term ‘presiding judge’ instead of ‘judge presiding over the case’ or ‘sentencing judge’s successor in office’; we assume that the legislature had its reasons for doing so”).[1]
In this case, the appellant was convicted and sentenced in the Mobile Circuit Court, his revocation hearing was conducted in the Mobile Circuit Court, and the circuit judge who conducted the hearing was a Mobile Circuit Court Judge. Therefore, the appellant’s revocation hearing was held before the sentencing court, and the circuit judge had jurisdiction to revoke the appellant’s probation. Accordingly, we affirm the circuit court’s judgment.
AFFIRMED.
McMILLAN, PM., and COBB and WISE, JJ., concur; SHAW, J., concurs in the result.

. In his reply brief, the appellant asserts that "§ 15-8-171 defines the term 'Court' as applied to Criminal Procedure’s sentencing and punishment, as, 'The trial judge exercising sentencing jurisdiction over an eligible offender under this article and includes the any successor of the trial judge.' ” (Appellant’s reply brief at p. 4.) However, § 15-18-171 does not provide the definition for the term "court” as it is used in the Alabama Rules of Criminal Procedure. Rather, it provides the definition for the term "court” as it is used in the Alabama Community Punishment and Corrections Act of 1991. Because the appellant was not sentenced pursuant to the Alabama Community Punishment and Corrections Act of 1991, that definition of the term "court” does not apply to this case.