NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Plaintiff/Appellee*,

*v.*

ROCKY THOMAS MAYFIELD, *Defendant/Appellee*,

---

AZTECA BAIL BONDS, et al., *Appellants*.

No. 1 CA-CV 17-0310
FILED 12-21-2017

---

Appeal from the Superior Court in Maricopa County
No. CR2014-150719-001 DT
The Honorable Julie Ann Mata, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Kim Felcyn
*Counsel for Plaintiff/Appellee State of Arizona*

Clifford M. Sherr Attorney at Law, Phoenix
By Clifford M. Sherr
*Counsel for Appellants*

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

**C R U Z**, Judge:

**¶1**      Azteca Bail Bonds and Banker's Insurance Company ("Appellants"), in the matter of Defendant Rocky Thomas Mayfield, appeal the forfeiture of Mayfield's bond. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**      In October 2014, Mayfield was charged in Maricopa County Superior Court with various felony offenses. Mayfield pled not guilty and was released from custody after Appellants posted a $75,000 appearance bond in November 2014, with indemnification provided by Mayfield's sister.

**¶3**      The court set a pretrial conference for March 2015. However, Mayfield absconded to North Dakota and was arrested there on new charges before the March 2015 hearing.[1] Due to his arrest, Mayfield failed to appear at that hearing and a bench warrant was issued for his arrest. Appellants moved to exonerate the bond, claiming that pursuant to Arizona Rule of Criminal Procedure ("Rule") 7.6(d)(2) they had alerted authorities to Mayfield's incarceration. Appellants offered to pay extradition costs, estimated to be $1,650.

**¶4**      A bond hearing was set for September 22, 2015, however it was continued while Mayfield's North Dakota trial was underway. After his North Dakota trial and sentencing concluded, Mayfield was relocated to a prison facility in California, but authorities returned him to Arizona in

---

[1]      In their February 2015 Motion to Exonerate Mayfield's Bond, Appellants stated Mayfield was charged in North Dakota with possession of a firearm by a felon, aiding and abetting, possession of drug paraphernalia, and possession of methamphetamine with intent to sell. They further asserted Mayfield was being held in North Dakota on a $1,000,000 bond.

November 2016.  The court held its bond hearing on January 31, 2017.  The hearing was continued for the submission of supplemental briefing.  At the continued hearing on March 21, 2017, the court found no reasonable cause for why Mayfield failed to appear and forfeited $65,000 of the $75,000 bond.

**¶5**          Appellants timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶6**          Appellants argue the superior court abused its discretion in forfeiting such a large portion of the bond when Mayfield was incarcerated in another state at the time of his hearing.  Appellants additionally argue that under Rule 7.6(c)(2), incarceration on new charges constitutes good cause for a failure to appear.

**¶7**          The court reviews the rules governing appearance bonds *de novo*.  *State v. Garcia Bail Bonds*, 201 Ariz. 203, 205, ¶ 5 (App. 2001).  The court reviews a bond forfeiture for an abuse of discretion.  *State v. Old West Bonding Co.*, 203 Ariz. 468, 471, ¶ 9 (App. 2002).

**¶8**          Appellants argue they provided reasonable cause for Mayfield's failure to appear and thus provided an appropriate excuse necessitating bond exoneration.  *See* Ariz. R. Crim. P. 7.6(c)(2) (providing that if defendant's failure to appear "is not explained or excused, the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond").  In determining whether a defendant's non-appearance is excusable, the court reviews the defendant's actions.  *State v. Int'l Fid. Ins. Co.*, 238 Ariz. 22, 25, ¶ 8 (App. 2015).

**¶9**          Mayfield absconded to North Dakota and committed further offenses, thereby resulting in his incarceration in that state.  While reasonable cause may excuse a failure to appear and thereby avoid bond forfeiture, Arizona courts have long held that a failure to appear based on incarceration does not necessarily establish good cause.  *See State v. Rocha*, 117 Ariz. 294, 297 (App. 1977) (stating that the defendant's incarceration leading to his failure to appear "was because of his own misconduct and is not excusable").  "[I]n cases where a defendant's non-appearance is due to his own fault, the surety is not entitled to relief because the defendant's inability to appear is the result of his own voluntary act in committing the second offense and not an act of law preventing his appearance."  *Garcia Bail Bonds*, 201 Ariz. at 206, ¶ 12.

**¶10**        Further, Appellants fail to recognize that a bond may be forfeited for violation of a condition of the bond, Ariz. R. Crim. P. 7.6(c), or release conditions, *Old West*, 203 Ariz. at 473, ¶ 18. Generally, "[o]ne of the conditions of [an] appellant's bond [is] the mandatory condition of Rule 7.3(a)(2) that he not commit a criminal offense while out on bond." *Rocha*, 117 Ariz. at 297. During release, Mayfield additionally was specifically ordered "not to possess any weapons[,]" "not to possess any drugs without a valid prescription[,]" and not to leave the state, all conditions he violated, as evidenced by his North Dakota criminal convictions. We hold the court did not err in finding Mayfield's violation was neither explained or excused.

**¶11**        When a defendant violates a condition of the appearance bond without explanation or excuse, the court has discretion to forfeit all or part of the bond. Ariz. R. Crim. P. 7.6(c), (d)(3). Relevant factors for the court to consider in determining whether to forfeit all, part, or none of the bond include:

> (1) whether the defendant's failure to appear due to incarceration arose from a crime committed before or after being released on bond; (2) the willfulness of the defendant's violation of the appearance bond; (3) the surety's effort and expense in locating and apprehending the defendant; (4) the costs, inconvenience, and prejudice suffered by the state as a result of the violation; (5) any intangible costs; (6) the public's interest in ensuring a defendant's appearance; and (7) any other mitigating or aggravating factors.

*Old West*, 203 Ariz. at 475, ¶ 26. The surety has the burden to show by a preponderance of the evidence some explanation or other mitigating factor excusing the defendant's non-appearance. *Int'l Fid. Ins. Co.*, 238 Ariz. at 26, ¶ 12.

**¶12**        Mayfield willfully violated his release conditions by leaving Arizona and absconding to North Dakota, where he committed further crimes. Absconding to North Dakota led directly to Mayfield's failure to appear (violating the conditions of the bond), militating in favor of forfeiture. *See Garcia Bail Bonds*, 201 Ariz. at 205-06, ¶¶ 10, 12. The court did not err by considering this factor and its effect on Mayfield's failure to appear. *Cf. Int'l Fid. Ins. Co.*, 238 Ariz. at 25, ¶ 8 ("The primary purpose of an appearance bond is to ensure that the defendant appears at court proceedings.").

**¶13**         Appellants speculate the State was not inconvenienced or prejudiced (beyond payment of transport costs) by Mayfield's conviction. Appellants located Mayfield and offered to pay for his relocation, and they argue that this gesture weighs in favor of a lesser forfeiture. *See Old West*, 203 Ariz. at 474-75, ¶ 24 (noting that time between defendant's non-appearance and forfeiture hearing gives the surety "an opportunity to avoid or mitigate the forfeiture" by finding and surrendering the defendant or presenting other mitigating circumstances). Appellants further argued the emotional strain the bond forfeiture would have on Mayfield's sister constituted an undue hardship. Given the broad discretion afforded the court in determining whether to forfeit a bond once a defendant has failed to appear without good cause or excuse, the court did not abuse its discretion by forfeiting $65,000 of the $75,000 bond.

**¶14**         Appellants further argue the forfeited value of the bond operates as a punishment of Appellants and Mayfield's sister, as it bears little to no relation to the cost and inconvenience to the State in regaining custody of Mayfield. The amount of bail, which in turn determines the necessary value of the appearance bond, is not a proxy for the anticipated monetary cost to the State of the defendant's failure to appear. Instead, it reflects an amount deemed necessary to assure the defendant's appearance throughout proceedings and protect the victim and public at large (*inter alia*, by preventing a defendant from absconding to another state to commit further crimes). Ariz. Const. art. 2, § 22(B); *see also* A.R.S. § 13-3967(B) (listing considerations guiding the superior court's discretion in fixing the amount of bail). To assure appearance, the bond creates a disincentive for the defendant to abscond by creating a risk of financial loss. Limiting the court's discretion in a forfeiture determination to simply a calculation of the State's monetary "damages" would undermine the purpose of bail and improperly constrain the court's discretion to consider all relevant factors. *See Old West*, 203 Ariz. at 475, ¶ 26. Thus, the superior court did not abuse its discretion by considering various relevant factors and ordering forfeiture of $65,000 of the $75,000 bond.

**CONCLUSION**

¶15   Because we find the court did not abuse its discretion in forfeiting the bond, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA