NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Plaintiff/Appellee*,

*v.*

ANGELINA JOHN; RICKY MITCHELL, *Defendants/Appellees,*

ADEPT BAIL BONDS, et al.,

*Real Parties in Interest/Appellants.*

Nos. 1 CA-CV 17-0432
1 CA-CV 17-0433
(Consolidated)
FILED 5-17-2018

Appeal from the Superior Court in Maricopa County
Nos.  CR 2014-144100-001
CR 2014-144100-002
The Honorable Julie Ann Mata, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Kimberly Felcyn
*Counsel for Plaintiff/Appellee*

Clifford M. Sherr Attorney at Law, Phoenix
By Clifford M. Sherr
*Counsel for Real Parties in Interest/Appellants*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

**¶1**        Appellants Adept Bail Bonds, et al. (collectively, the "Surety"), argue the superior court abused its discretion by partially forfeiting two appearance bonds posted for two defendants. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**        In September 2014, defendants Ricky Mitchell and Angelina John were charged with various felony offenses. The Surety posted a $50,000 appearance bond on behalf of each of the defendants. In December 2014, the defendants accepted identical plea agreements; however, when the defendants did not attend the sentencing hearing in March 2016, the superior court issued warrants for both defendants. The defendants were apprehended in March 2017.

**¶3**        The court held a bond forfeiture hearing in May 2017 and made, among others, the following findings of fact: The Surety had incurred a total of $41,520.69 in expenses locating the defendants; the Surety's recovery agent Leeland Chapman aided law enforcement in locating and apprehending the defendants; the defendants were apprehended in Las Vegas in March 2017 and extradited to Maricopa County; and the State incurred $2,827.80 in extradition expenses for each defendant. The court concluded that there was no reasonable cause for the defendants' failure to appear, and that while the Surety did attempt to mitigate the damages by locating the defendants approximately one year after their failure to appear, there was insufficient evidence of mitigation to exonerate the bonds in their

---

[1] We view the facts in the light most favorable to affirming the trial court's decision. *State v. Copperstate Bail Bonds*, 222 Ariz. 193, ¶ 12 (App. 2009).

entirety. The superior court therefore partially exonerated the bonds by $15,153.30 each, forfeiting each bond in the amount of $34,846.70.

## DISCUSSION

**¶4**　　Arizona Rule of Criminal Procedure 7.6 gives the superior court the discretion to fully forfeit, partially forfeit, or exonerate an appearance bond. *State v. Old W. Bonding Co.*, 203 Ariz. 468, 474, ¶ 23 (App. 2002). While it might not be possible "to catalog all of the circumstances that might bear on the court's discretionary decision," relevant considerations generally include:

> (1) whether the defendant's failure to appear due to incarceration arose from a crime committed before or after being released on bond; (2) the willfulness of the defendant's violation of the appearance bond; (3) the surety's effort and expense in locating and apprehending the defendant; (4) the costs, inconvenience, and prejudice suffered by the state as a result of the violation; (5) any intangible costs; (6) the public's interest in ensuring a defendant's appearance; and (7) any other mitigating or aggravating factors.

*Id.* at 475, ¶ 26. The court must exercise this grant of discretion "reasonably, not whimsically" or "arbitrarily with impunity." *Id.* at 475, ¶ 25.

**¶5**　　The Surety claims the superior court abused its discretion, acting whimsically by forfeiting over $34,000 of the $50,000 bonds the Surety posted for each defendant. The Surety contends that a proper interpretation of *Old West Bonding* would not have resulted in the Surety "ending up in the hole" for its efforts, and that the partial forfeiture is inconsistent with the third, fourth, sixth, and seventh factors. On appeal, however, we neither reweigh the evidence nor substitute our evaluation of the facts for that of the trial court. *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 52, ¶ 11 (App. 2009); *see also Quigley v. City Court of City of Tucson*, 132 Ariz. 35, 37 (1982) (a difference in judicial opinion is not synonymous with an abuse of discretion).

**¶6**　　We discern no abuse of discretion in the superior court's partial forfeiture of each bond. The court found there was no reasonable cause for the defendants' failure to appear. The court adopted the Surety's proffered figure of $41,520.69 in total expenses incurred and partially exonerated the bonds in a total amount of $30,306.60. Even the surrender of a defendant by a surety itself does not require the exoneration of a bond, *Old W. Bonding*, 203 Ariz. at 473, ¶ 18, and here, the superior court

acknowledged the Surety's efforts by only partially forfeiting the bonds. The court also found the Surety provided insufficient evidence of any further mitigation to justify a full exoneration of the bonds.

**¶7**      The superior court had considerable discretion to not only weigh the relevance of the *Old West Bonding* factors, but to determine which of those factors to consider and whether to consider additional factors not listed therein. "It is well settled that a surety assumes the risk of a defendant's failure to appear," *State v. Bail Bonds USA*, 223 Ariz. 394, 397, ¶ 11 (App. 2010) (citations omitted), and on this record the superior court did not abuse its discretion by only partially exonerating the bond amounts based upon these factors.

## CONCLUSION

**¶8**      For the foregoing reasons, we affirm.

