NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Plaintiff/Appellee*,

*v.*

DIDN'T DO IT BAIL BONDS, *Intervenor/Appellant*.
Nos. 1 CA-CV 19-0517, 1 CA-CV 19-0554,
1 CA-CV 19-0562, 1 CA-CV 19-0576
(Consolidated)
FILED 4-28-2020

Appeal from the Superior Court in Maricopa County
Nos. CR2018-102021-002, CR2015-002301-001,
CR2018-001571-001, CR2015-111924-001

The Honorable Thomas A. Kaipio, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Kimberly Felcyn
*Counsel for Plaintiff/Appellee*

DuMond Law PLLC, Phoenix
By Samantha K. DuMond
*Counsel for Intervenor/Appellant*

<hr />

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Kenton D. Jones joined.

<hr />

**W I L L I A M S**, Judge:

¶1        Didn't Do It Bail Bonds ("DDI") appeals from the superior court's forfeiture of four appearance bonds. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In May 2018, DDI posted bond on behalf of Cristian Alejandro Leyva-Sanchez ("Defendant") in four cases: CR2018-102021-002 ($25,000), CR2015-002304-001 ($2,500), CR2018-001571-001 ($5,000), and CR2015-111924-001 ($1,000). After posting bond, DDI took measures to ensure Defendant's compliance with court-ordered release conditions, including requiring regular check-ins and, for a time, placing an electronic tracking bracelet on Defendant.

¶3        Defendant failed to appear for trial on March 28, 2019. A warrant was issued for Defendant's arrest and a jury trial was held *in absentia* in CR2018-102021-002. Defendant was convicted of several felonies.

¶4        DDI took actions to locate Defendant, ultimately providing Phoenix police with information and assistance leading to Defendant's arrest several weeks later.

¶5        At the bond forfeiture hearing, Defendant gave no explanation for his failure to appear at trial. DDI co-owner Arturo Rosales, Jr. testified about steps DDI took to locate and help apprehend Defendant, including contacting Defendant's family, sending agents to locate him, and leading Phoenix police to his location to effectuate his arrest.

¶6        The superior court found no reasonable cause justifying Defendant's failure to appear at trial and no mitigation to justify reduction or exoneration of the bonds. The court ordered all four bonds forfeited in full. DDI timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7** Appellant argues the court erred by forfeiting all four appearance bonds. We review the record "in the light most favorable to support the judgment of the trial court." *State v. Old W. Bonding Co.*, 203 Ariz. 468, 471, ¶ 9 (App. 2002) (quoting *State v. Garcia Bail Bonds*, 201 Ariz. 203, 205, ¶ 5 (App. 2001)). We review bond forfeiture orders for an abuse of discretion. *Id.*

**¶8** The primary purpose of bail is to "[a]ssur[e] the appearance of the accused." Ariz. Const. art. 2, § 22(B)(1); *see also Fragoso v. Fell*, 210 Ariz. 427, 434, ¶ 21 (App. 2005) ("[T]he primary, if not paramount, purpose of bail under the Arizona Constitution is to guarantee a defendant's appearance in court while protecting victims, witnesses, and the public . . . ."). When a defendant violates a condition of an appearance bond, the trial court has discretion to forfeit "all or part of the bond," unless the violation is "excused." Ariz. R. Crim. P. 7.6(c)(3). "In determining whether a defendant's absence is excusable, a court reviews only the defendant's actions." *State v. Int'l Fid. Ins. Co.*, 238 Ariz. 22, 25, ¶ 8 (App. 2015). The party posting bond bears the burden of establishing excusable absence by a preponderance of the evidence. *State v. Bail Bonds USA*, 223 Ariz. 394, 397, ¶ 11 (2010).

**¶9** If a court finds the defendant's absence was not excusable, it is authorized to forfeit all or part of the bond upon consideration of the factors set forth in *Old West*. *Int'l Fid.*, 238 Ariz. at 25, ¶ 9. The factors include, but are not limited to:

> (1) whether the defendant's failure to appear due to incarceration arose from a crime committed before or after being released on bond; (2) the willfulness of the defendant's violation of the appearance bond; (3) the surety's effort and expense in locating and apprehending the defendant; (4) the costs, inconvenience, and prejudice suffered by the state as a result of the violation; (5) any intangible costs; (6) the public's interest in ensuring a defendant's appearance; and (7) any other mitigating or aggravating factors.

*Old W.*, 203 Ariz. at 475, ¶ 26. "On appeal, we presume the trial court exercised its discretion by considering all the relevant factors to determine whether to forfeit the entire bond amount or only a portion thereof," and "we do not re-weigh those factors to determine whether we would reach the same decision as the trial court." *Int'l Fid.*, 238 Ariz. at 26-27, ¶ 11.

¶10　　　　Here, the court concluded DDI failed to provide reasonable cause or explanation for Defendant's failure to appear. The record supports the court's finding. Indeed, in making its findings, the court explained that "[Defendant] didn't really provide the Court with any explanation as to why he failed to appear, or any good reason or explanation. In fact, I didn't hear any reason. I don't think he really wanted to address the issue." Upon finding Defendant's absence inexcusable, the court had authority to forfeit the entire bond amount, subject to consideration of the *Old West* mitigating factors. *See Int'l Fid.*, 238 Ariz. at 25, ¶ 9.

¶11　　　　The court then considered and weighed the *Old West* factors and found "insufficient evidence in mitigation or hardship." Although DDI asserts "no factor carries more weight than the effort and expense expended by the surety to locate and apprehend the defendant," *Old West* does not indicate this factor outweighs the rest. *See Old W.*, 203 Ariz. at 475, ¶ 26. And although DDI accurately points to its efforts in searching for and locating Defendant, the court expressly acknowledged, considered, and weighed these efforts along with all other factors—most significantly the willfulness of Defendant's actions in failing to appear at trial. The court's increased emphasis on this factor was proper considering failure to appear relates to the "primary purpose" of appearance bonds. *See Int'l Fid.*, 238 Ariz. at 25, ¶ 8.

¶12　　　　The record supports the court's exercise of discretion in weighing the factors and declining to exonerate the bonds. Although another judicial officer, in his or her discretion, could have reached a different result, we will not reweigh the factors nor second-guess the court's conclusion. *See id.*, at 26-27, ¶ 11. We therefore hold the court did not abuse its discretion in forfeiting the bonds in full.

## CONCLUSION

¶13　　　　For the foregoing reasons, we affirm.

