571 P.2d 1054

**STATE of Arizona, Appellant,**

v.

**Carl Tillman ROGERS, and Argonaut Insurance Company, his surety, Appellees.**

**No. 1 CA–CR 2057.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 4, 1977.

Rehearing Denied Nov. 8, 1977.

Review Denied Dec. 6, 1977.

Donald W. Harris, Maricopa County Atty. by Bruce Bayer, Deputy County Atty., Phoenix, for appellant.

George Sun Lim, Phoenix, for appellee Rogers.

John P. Moore, Phoenix, for appellee Argonaut.

OPINION

WREN, Presiding Judge.

This appeal raises the question as to whether the trial court has discretion under

Rule 7.6, Rules of Criminal Procedure, 17 A.R.S., to forfeit only a part of the defendant's appearance bond when there was no reasonable cause of justification for his non-appearance.

Appellee Argonaut Insurance Co. posted an $11,000 bond securing the release of appellee/defendant Rogers, who was charged with grand theft by false pretenses, a felony. Rogers entered a plea of no contest but failed to appear at the December 29, 1974 sentencing proceedings. Subsequently, the bond was ordered forfeited only in part and the State has brought this appeal, arguing that the trial judge acted without jurisdiction, or in the alternative, in an abuse of discretion, in forfeiting only $1,000 of the $11,000 bond. We agree with the position taken by the State.

It should first be noted that although this matter originated as a criminal proceeding and was docketed as such in this Court, forfeiture proceedings are a substitute for a civil action to enforce a breach of contract of the undertaking by the surety, and therefore are civil in nature. *State ex rel. Ronan v. Superior Court,* 96 Ariz. 229, 393 P.2d 919 (1964), *Gearing v. State,* 24 Ariz.App. 159, 536 P.2d 1051 (1975). However, except for the clerical docketing oversight, we note that the Rules of Civil Procedure have been applied and a review of the file reflects no prejudice to any of the parties by failure to reclassify this as a civil appeal.[1] This Court has jurisdiction pursuant to A.R.S. § 12–2101(B) and (E).

After the defendant failed to appear for sentencing, the County Attorney initiated the forfeiture action on January 16, 1976 by filing a petition for order to show cause pursuant to Rule 7.6(d). The matter was set for hearing on January 30, 1976.

The defendant also failed to appear at the January forfeiture proceeding and no evidence was presented which would tend to excuse his absence. Indeed, at the later proceeding on the motion for rehearing, the trial court in reference to the forfeiture hearing specifically stated that it had made a determination that there was no justification for defendant's non-appearance.[2]

Since no explanation whatsoever was given for the defendant's failure to appear, the State argues that the trial court had no discretion to declare only a partial forfeiture; that it could merely perform the ministerial act of forfeiting the entire bond. Alternatively, the State urges that if the trial court did have discretion to forfeit only a part of the bond, the reasons given by the surety in support of partial forfeiture were not reasonable and did not justify the judge's action.

Rule 7.6(d) of the 1973 Rules provides:

"If at any time it appears to the Court that a condition of an appearance bond has been violated, it shall require the parties and any surety to show cause why the bond should not be forfeited, setting a hearing thereon within 10 days. If at the hearing, the violation is not explained or excused, the Court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond, which shall be enforcible by the prosecutor as any civil judgment."

It is the position of the State that the discretion of the trial court to forfeit less than the total bond is not an unfettered one and is controlled by the same "reasonable cause" standard provided in the old rules.

This argument is buttressed by the comment to Rule 7.6(d) which states:

"This section combines within a single proceeding the automatic forfeiture, discharge of forfeiture, judgment of forfeiture and remission of forfeiture steps contained in the 1956 Ariz. Rules of Criminal Procedure, as amended, Rules 70–75. In their place a single show cause hearing is substituted."

---

1. For example, this Court's order of November 18, 1976, dismissing the attempted cross-appeal of Argonaut Insurance Co. was based upon procedural non-compliance with Rule 73(b), Rules of Civil Procedure 16 A.R.S.

2. From the record before this Court, it appears that the defendant is still a fugitive from justice.

The old rules required that when a breach of the undertaking occurred the trial court was required to make a record thereof and declare the undertaking forfeited. Thereafter, Rule 72 provided that the forfeiture could be discharged if, at any time within 10 days after the declaration of forfeiture, the breach of the undertaking was *satisfactorily explained.* If the forfeiture was not discharged a judgment was then obtained by the County Attorney from the Clerk of the Superior Court upon the filing of a certified copy of the order of the forfeiture. After judgment, Rule 74 provided for remission of forfeiture and permitted the trial court to set aside the judgment wholly or in part if within 20 days after judgment *reasonable cause* was shown to justify the remission.

Thus if a defendant's non-appearance was satisfactorily explained no forfeiture would be entered. On the other hand, if there were some explanation for a defendant's non-appearance, but this explanation did not rise to legal justification, the trial court could then exercise its discretion and forfeit only a portion of the bond. But it was only in this area that the trial court could exercise any discretion as to the amount of the forfeiture. If no mitigating circumstances whatsoever were shown the trial court was powerless to move other than in the direction of complete forfeiture. *See State ex rel. Ronan v. Superior Court.* Reasonable cause, the State argues, is limited to circumstances surrounding the non-appearance of the defendant, citing *United Bonding Insurance Co. v. City Court of City of Tucson,* 6 Ariz.App. 462, 433 P.2d 642 (1967).

Under former Rule 74, the court had no discretion to enter judgment for less than the full amount of the appearance bond when it was established that the defendant had not appeared and there had been no showing of reasonable cause for the non-appearance. Therefore, the State reasons: (1) since Rule 7.6(d) mandates that the court enter an "appropriate order," it was not appropriate for the court to enter judgment for less than the full amount of the appearance bond; (2) the discretion which the

court is permitted to exercise in a bond forfeiture case is not a capricious or arbitrary discretion, but an impartial discretion guided and controlled in its exercise by fixed legal principles; and that discretion without a criterion for its exercise is authorization for arbitrariness, *Brown v. Allen,* 344 U.S. 443, 496, 73 S.Ct. 397, 97 L.Ed. 469 (1953); (3) since the new Rule 7.6 is merely a combined single proceeding, the precepts of the old Rules, 70 through 75, as to "reasonable cause" are equally applicable here.

This argument by the State has a great deal of merit. The language of the rule is not a model of clarity. To the contrary when read in light of the comment quoted above as to its historical origin its ambiguity is readily apparent. Even a cursory reading of the rule would seem to evidence an intention to allow partial forfeiture at the mere whim of the court even though the non-appearance of the defendant is not explained or excused in any way. Can such have been the intent of the rule? *State ex rel. Berger v. Marquardt,* 111 Ariz. 413, 531 P.2d 536 (1975) would seem to so indicate:

> "The only discretion vested in the trial court [by Rule 7.6(d)] relates to (1) determining whether there is an explanation or excuse for the defendant's absence and (2) *the amount of judgment to be entered if the violation is not explained or excused.*
>
> \*  \*  \*  \*  \*  \*
>
> "The limit of the court's discretion is clear. Either the judge accepts the explanation for the absence and declines to enter judgment *or he finds no excuse and enters an appropriate order of forfeiture as to all or part of the bond.*" (Emphasis added.)

There is no specific guidance within the rule as to the proper course where there is some explanation for the non-appearance, but it does not in the court's mind constitute an excuse justifying an order of no forfeiture. Moreover, the words *appropriate order* contained within the forfeiture language of the rule would hardly support the concept of an unbridled discretion on the part of the judge.

The Argonaut Insurance Co., as surety, undertook to assure the court that "Defendant will appear and answer the charge above mentioned [grand theft by fraud] in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the court, and if convicted, will appear for judgment, and render himself in execution thereof, or, if he fails to perform either of these conditions that he will pay the State of Arizona the sum of Eleven Thousand ($11,000) Dollars." Yet at the time of the forfeiture order a bench warrant for the defendant was still outstanding.

If there is "no excuse" does any order of the court for only a partial forfeiture automatically become an "appropriate order", or does the word "appropriate" require, as did the previous rules, that the court look to the concept of reasonable cause for less than total forfeiture?

At this point we would like to respond to a theory presented by the appellee, Argonaut Insurance Company, in support of the partial forfeiture. First, it is argued that because the petition for order to show cause was not filed within 10 days after the violation of the appearance bond and the forfeiture hearing was not held until January 30, 1976, some 32 days after the defendant's failure to appear at sentencing, the surety was entitled to partial relief. We disagree.

The 10 day time period is not jurisdictional but is designed as a prompt enforcement for the benefit of the State as obligee and not for the benefit of the surety. Like any other debtor, the surety cannot complain if his creditor does not demand payment immediately when due. *Cf., Gearing v. State,* 24 Ariz.App. 159, 536 P.2d 1051 (1975); *National Automobile & Casualty Company v. State,* 19 Ariz.App. 388, 507 P.2d 1000 (1973). Under the new rule there is a requirement that the surety be given notice of the forfeiture hearing. Notice was given and the surety has shown no prejudice by the delay. Under these circumstances it would appear that the delay would accrue to the surety's benefit in providing more time to find the defendant and explain his absence. Failure to comply with the time limits of Rule 7.6(d) does not go to the reason for the defendant's non-appearance and thus could not be considered by the trial court as a factor in granting partial forfeiture.

The rule presents no guidelines to aid the trial court in the exercise of its discretion as to the amount of the forfeiture and none can be provided by this Court. We hold however, that once the court has determined there was no justification for the defendant's non-appearance and no reasonable cause has been shown for reduction of the bond, the court has no discretion other than to forfeit the bond in its entirety.

This cause is reversed with directions that a judgment be entered forfeiting the bond in the full amount of $11,000.00.

SCHROEDER and EUBANK, JJ., concur.