701 P.2d 8

**The STATE of Arizona, Plaintiff/Appellee,**

v.

**Bertha MARTINEZ-GONZALES and Dependable Insurance Company, Inc., a Florida corporation, Defendants/Appellants.**

**No. 2 CA–CIV 5218.**

Court of Appeals of Arizona, Division 2, Department A.

April 3, 1985.

Stephen D. Neely, Pima County Atty. by Jesse Figueroa, Tucson, for plaintiff/appellee.

Keller & Postero by Peter B. Keller, Tucson, for defendants/appellants.

## OPINION

HOWARD, Judge.

This is an appeal from an order forfeiting a bail bond. On July 29, 1983, the defendant was indicted by a grand jury on several narcotic charges. She was arraigned on August 8, 1983, and her trial was set for November 1. A bail bond was ultimately set in the sum of $150,000. The trial date was continued several times. On January 13, 1984, A & M Bail Bonds posted a bail bond and the defendant was released from custody. The bonding company undertook, inter alia, that the defendant would at all times appear and answer the charges and would hold herself amenable to the orders of the court.

The written conditions of release signed by the defendant warned her that if she failed to appear the bond would be forfeited. The release also contained, as standard conditions, the requirement that she give notice of any change of address, that she appear to answer and submit to all orders of the court and that she not leave the United States without the court's written permission.

The trial date was continued from February 22 to March 15. Defendant failed to appear on March 15. Her attorney told the court that he had previously informed his client that the trial would probably not be held until sometime in May because of his previous trial schedule. The defendant's attorney then told the trial court that the day before, March 14, he received a telephone call from the defendant's mother in Mexico and later that day from an English-speaking friend of the mother. The attorney asked them both to contact the defendant and tell her of the trial date. They said they would try.

In response, the prosecutor told the court that the defendant was part of a million dollar heroin ring and that this whole business was a joke because no one was ever going to appear. He asked the court to take judicial notice of another file containing a criminal indictment against the defendant's two children. He told the trial court that these two other defendants had also posted a bond and failed to appear and that a bench warrant had been issued for them.

The owner of A & M Bail Bonds testified that she told the defendant that if she did not appear as required, the bond would be forfeited.

The trial court found that the defendant was knowingly absent from the court and had failed to maintain proper contact with her attorney with regard to the trial dates. The court also found that the defendant had violated the conditions of release by leaving the State of Arizona without consent. It then gave the defendant a chance to appear by continuing the trial date to March 20. On March 20 the defendant

again failed to appear and she was convicted in absentia.

On March 27 notice was sent to the bonding company to appear on April 11 to show cause why the bail bond should not be forfeited. The owner of the bonding company appeared at the April 11 hearing. She said that after testifying on March 15 she left the courtroom and did not know that the trial had been continued to March 20. The trial court forfeited the bond.

The bonding company contends that the trial court erred in forfeiting the bond because (1) the defendant was never notified of the trial date and there was no showing that defendant was not in Arizona and (2) Rule 7.6, Rules of Criminal Procedure, 17 A.R.S. does not afford it due process because it does not require that the bonding company be given notice of the impending forfeiture and the rule does not state what the burden of proof is and who has the burden of proof. We do not agree.

■ An out-of-custody defendant has responsibility to remain in contact with his attorney and the court during criminal proceedings. *State v. Bishop,* 139 Ariz. 567, 679 P.2d 1054 (1984). The defendant was warned that failure to appear would result in the forfeiture of the bond. From the record it seems clear that her attorney did not know where she was. The trial court gave him five days to find her and defendant still did not appear. The trial court did not err in forfeiting the bond for her nonappearance.

Rule 7.6(d), Rules of Criminal Procedure, 17 A.R.S. states:

"If at any time it appears to the court that a condition of an appearance bond has been violated, it shall require the parties and any surety to show cause why the bond should not be forfeited, setting a hearing thereon within ten days. If at the hearing, the violation is not explained or excused, the court may enter an appropriate order of judgment forfeiting all or part of the bond, which shall be enforcible by the prosecutor as any civil judgment."

Appellant bonding company argues that the rule does not afford due process because it is not afforded notice of the hearing at which the question of whether a violation has occurred is decided. This is not entirely correct. Under the rule the bonding carrier is given notice and an opportunity to explain the violation and offer any excuses which may be available.

■ We note that forfeiture proceedings are civil in nature. *State v. Rogers,* 117 Ariz. 258, 571 P.2d 1054 (1977); *State ex rel. Ronan v. Superior Court in and for Maricopa County,* 96 Ariz. 229, 393 P.2d 919 (1964). It also seems clear from the rule that the burden is on the bonding company to show an excuse or explanation for the violation. It is further evident that the rule also requires that notice be given to the bonding company before a forfeiture can occur. It seems equally clear, this being an ordinary civil action, that the bonding company must bear its burden by a preponderance of the evidence. It failed to do so in this case and the trial court did not err in forfeiting the bond.

Affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.