955 P.2d 541

**In the Matter of BOND FORFEITURE IN CR–94019213.**

**No. 2 CA–CV 97–0126.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 19, 1998.

Robert Carter Olson, Pinal County Attorney by Leonard N. Sowers, Florence, for Plaintiff/Appellee.

Fredrick D. Merrill, Phoenix, for Defendant/Appellant.

## OPINION

BRAMMER, Judge.

¶ 1 Empire American Bail Bonds, Inc., appeals from the trial court's order forfeiting the appearance bond it posted for the defendant, Faustino Rivera–Melendrez, because Rivera failed to appear at his arraignment. Empire claims the court erred in ordering forfeiture because it failed promptly to notify Empire either of Rivera's failure to appear or the court's issuance of a bench warrant for his arrest. We affirm.

### Facts and Procedural History

¶ 2 Rivera was charged with burglary, theft, and trafficking in stolen property. He was released from custody after Empire posted a $10,000 appearance bond on which Frontier Insurance Co. was surety. After Rivera twice failed to appear for arraignment, the court issued a bench warrant for his arrest. Neither Empire nor Frontier was given notice of Rivera's failure to appear or the subsequent issuance of the bench warrant.

¶ 3 Approximately one year later, the state moved to forfeit the bond. The court set a hearing, ordering Rivera, Empire, and Frontier to appear and "show cause, if any they have, why the Defendant's failure to appear [at the second arraignment] should be excused." Empire appeared at the hearing, but Rivera did not. The state informed the court the bench warrant for his arrest was "still outstanding." Following the hearing, Empire and the state filed memoranda supporting their positions. After reviewing the memoranda, the court ordered the bond forfeited, and this appeal followed.

### Discussion

¶ 4 Empire argues the bond forfeiture order should be reversed because the court did not give it prompt notice of Rivera's failure to appear at his arraignment or of the subsequent issuance of a warrant for his arrest. It claims that the court had a non-delegable duty to provide such notice and that failure to do so precluded any subsequent bond forfeiture actions based upon Rivera's failure to appear at arraignment, citing *State v. Jackson,* 184 Ariz. 296, 908 P.2d 1081 (App.1995), and *State v. Martinez–Gonzales,* 145 Ariz. 300, 701 P.2d 8 (App. 1985). Both cases construe Rule 7.6(d), Ariz. R.Crim.P., 17 A.R.S., which states:

> If at any time it appears to the court that a condition of an appearance bond has been violated, it shall require the parties and any surety to show cause why the bond should not be forfeited, setting a hearing thereon within 10 days. If at the hearing, the violation is not explained or excused, the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond, which shall be enforc[ea]ble by the prosecutor as any civil judgment.

¶ 5 We first observe that, contrary to Empire's argument, Rule 7.6(d) does not expressly require the trial court to give notice that it has issued an arrest warrant if

it appears the defendant has violated a release condition. In fact, giving of such notice could well undermine efforts to serve the warrant. Moreover, not all breaches of the conditions of release necessitate the issuance of a warrant. Rule 7.5(a) specifically authorizes the court to issue either a summons or warrant to secure the defendant's presence.

¶ 6 We next observe that neither *Martinez* nor *Jackson* directly addressed whether the court has a nondelegable duty under Rule 7.6(d) to notify the surety promptly that the defendant has violated a condition of an appearance bond. *Martinez* held that Rule 7.6(d) requires notice of an impending forfeiture be given the person or entity posting the bond, as well as an "opportunity to explain the violation and offer any excuses which may be available." 145 Ariz. at 302, 701 P.2d at 10. It further held that, because forfeiture proceedings are "ordinary civil action[s]," the bonding company bears the burden of excusing or explaining the defendant's appearance bond violation by a preponderance of the evidence. *Id.*

¶ 7 In *Jackson,* although the trial court provided the surety with prompt notice that the defendant had failed to appear at his arraignment, it did not set a hearing on the matter within ten days of the appearance violation, as required by Rule 7.6(d). Division One of this court held that, although the rule requires the trial court to hold a bond forfeiture hearing within ten days of the day it learns that a condition of an appearance bond has been violated, the ten-day period is not jurisdictional and thus dismissal of the forfeiture action is not required so long as the surety is afforded the opportunity to contest the forfeiture and fails to establish prejudice resulting from the untimely hearing. Division One found the surety had not been prejudiced by the untimely hearing, noting that, because the surety had been notified immediately of the defendant's failure to appear, the delay in holding the forfeiture hearing had accrued to the surety's

benefit, providing it "more time to locate the defendant to bring him to trial or to explain the defendant's breach of the conditions of release." 184 Ariz. at 301 n. 5, 908 P.2d at 1086 n. 5.

■ ¶ 8 In this case, Empire argues that it was substantially prejudiced by the one-year delay in receiving notice and a hearing on Rivera's failure to appear. The record does not support the claim of prejudice, however. In its memorandum to the trial court, Empire stated: "The prejudice from the state's violation of Rule 7.6(d), relating to its failure to timely notify [Empire], for over a year, undoubtedly prejudiced [Empire] and prevented it from 'locating the defendant and surrendering him to the Court for trial' (*Jackson,* at 13)." In its memorandum replying to the state's responsive position, Empire said,

> "Had the bonding agent been noticed of the bench warrant, it would have taken action to secure the defendant and surrender him to the court. The resulting prejudice was the fact that the bonding agent was denied the opportunity to secure the defendant. Until the Order to [S]how Cause was filed, the bonding agent had no notice of the defendant's failure to appear."

Neither of Empire's memoranda were supported by affidavit, reference to depositions, or any other matter under oath, to support the conclusory statements they contained. Empire asked the trial court, and now asks us, to presume prejudice, while offering neither there nor here evidence that such has occurred. The trial court refused to indulge such a presumption, and we agree with that determination.

■ ¶ 9 Although, as *Jackson* notes, prompt and adequate notice to the surety may enhance its chances of curing a release condition violation, including locating the defendant and surrendering him or her to the court for trial, this result is not inevitable and, thus, cannot be presumed.[1] Moreover,

---

1. For example, by the time the court becomes aware that a defendant has violated a condition of the bond, the defendant may already be beyond reach. Conversely, the surety may independently learn of the defendant's failure to appear, notwithstanding the court's failure

promptly to provide this information. In fact, there was some evidence presented here to that effect. At the forfeiture hearing, the state presented an affidavit from Rivera's alleged victim, stating that he had informed Empire's agent soon after Rivera's scheduled arraignment that

even if the surety does quickly locate and surrender the errant defendant to the court, or cure another release condition violation, this accomplishment does not necessarily obviate the surety's affirmative obligation to explain or excuse the release condition violation. *See* Rule 7.6(d); *Martinez.*

¶ 10 We conclude the surety must demonstrate that it was, in fact, prejudiced by the court's failure promptly to inform it of the defendant's failure to appear before a bond forfeiture order may be reversed on this ground. Empire does not attempt to do so. Indeed, it provides no evidence of the circumstances surrounding Rivera's disappearance; when it became aware of this fact; its subsequent attempts, if any, to locate him; or any prejudice it claims to have suffered resulting from the alleged untimely notice of Rivera's failure to appear.

¶ 11 The judgment forfeiting the bond is affirmed.

DRUKE, C.J., and FLÓREZ, P.J., concur.

Rivera had failed to appear and that a bench warrant had been issued and that the agent had responded "that he believed that he knew the whereabouts for the defendant in Portolo, California and would have him picked up."