213 P.3d 342

STATE of Arizona, Appellee,

v.

COPPERSTATE BAIL BONDS;
Ivory Crow, Appellants.

No. 1 CA–CV 08–0231.

Court of Appeals of Arizona,
Division 1, Department D.

July 16, 2009.

As Amended Sept. 23, 2009.

Andrew J. Thomas, Maricopa County Attorney By Peter S. Spaw, Deputy County Attorney, Phoenix, Attorneys for Appellee.

Troy Richmond Hendrickson PLLC By Troy R. Hendrickson, Tempe, Attorneys for Appellants.

## OPINION

OROZCO, Judge.

¶1 Copperstate Bail Bonds (Copperstate) and Ivory Crow (Crow) (collectively Appellants) appeal the trial court's forfeiture of a $45,000 appearance bond. For the following reasons, we reverse and remand.

### FACTS AND PROCEDURAL HISTORY

¶2 On August 28, 2007, a criminal complaint was filed against Thomas W. Florence (Florence). The trial court set a $45,000 appearance bond for Florence and originally set the status conference for August 31 and the preliminary hearing for September 4, 2007. On August 31, on Florence's motion, the status conference was continued to September 14.[1] Copperstate posted the $45,000 appearance bond for Florence on September 4, 2007. Crow paid a $4500 deposit and signed as an indemnitor for the remaining $40,500 on the bond.

¶3 On September 14, 2007, Florence failed to appear and a bench warrant was issued. The trial court set the matter for a bond forfeiture hearing. Florence was later arrested by Scottsdale Police on September 29, 2007.

¶4 After two continuances, a bond forfeiture hearing was held on January 22, 2008, pursuant to Arizona Rule of Criminal Procedure 7.6.c.[2] Crow appeared and contested the bond forfeiture. On its own motion, the trial court questioned Crow's standing to contest the bond forfeiture and reset the conference date for the following week to give Crow the opportunity to brief the issue of his standing.

¶5 At this same hearing, the trial court questioned Florence about his failure to appear at the September 14 hearing. Florence initially stated that he simply did not know

he had a hearing but later stated that once he learned about the arrest warrant, Crow advised him to turn himself in. After hearing Florence's explanation, the trial court found there was no good cause for his failure to appear.

¶6 Before the next hearing, Appellants submitted a prehearing memorandum wherein they alleged that Crow paid the $4500 deposit for the bond to Copperstate. They also argued that pursuant to Rule 7.6.d(3), "the Court should exercise its sound discretion in favor of exonerating the bond because Crow made every possible effort, other than conducting a citizen's arrest ..., to return [Florence] to the State's custody."

¶7 At the hearing, the State questioned whether the money Crow "[said] he paid" was actually paid by another and expressed concerns that the deed of trust on the property used to secure the bond was a forged deed. However, no evidence or documents were presented to substantiate these verbal accusations. The State requested that the bond not be forfeited because it had questions about what transpired in securing the bond.[3]

¶8 The trial court did not rule on Crow's standing to contest the bond forfeiture but reset the hearing and allowed the State to respond to the Appellant's prehearing memorandum.[4]

¶9 Prior to the next hearing, the trial court ruled that Crow did not have standing to contest the bond forfeiture. The minute entry stated:

On January 29, 2008, Counsel for the State made a number of disclosures on the record with regard to this matter. One of which was that the State spoke to a [K.L.] who indicated that the cash involved in the contract for posting bail in this matter was

---

1. It is unclear from the record whether this request to continue the status conference came from Florence or his attorney.

2. All subsequent references to rules in this opinion will be to the Arizona Rules of Criminal Procedure.

3. Throughout the proceedings, the State took inconsistent positions on the issue of Crow's stand-

ing. During the first hearing, the State conceded that it did not contest Crow's standing. However, in this appeal the State argues that Crow did not have standing to contest the bond.

4. The State never filed a response to Appellant's prehearing memorandum and therefore never addressed Crow's standing.

provided to the Bonding Agent by someone other than Mr. Crow. As well, the State disclosed circumstances that caused the State to have significant concerns as to the authenticity of the lien documents provided in said contract.

Mr. Crow has failed to provide any corroborating evidence to his verbal statement that he is the surety.

¶ 10 After the hearing, the trial court ordered the bond forfeited. Appellants timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12–2101.B (2003).

## DISCUSSION

¶ 11 Appellants argue that (1) Crow, as a depositor or indemnitor on the bond, had standing to be heard and contest the forfeiture of the bond, and when denied the opportunity to be heard, was denied a due process right; (2) Crow's actions in attempting to convince Florence to surrender to police satisfied the requirements of Rules 7.6.d(2) and d(3); and (3) Florence's failure to appear was excused or explained pursuant to Rule 7.6.c(2).

¶ 12 We examine the evidence in bond forfeitures in the light most favorable to supporting the trial court's judgment. *See State v. Old West Bonding Co.*, 203 Ariz. 468, 471, ¶ 9, 56 P.3d 42, 45 (App.2002) (citing *State v. Garcia Bail Bonds*, 201 Ariz. 203, 205, ¶ 5, 33 P.3d 537, 539 (App.2001)). We review the trial court's ruling for an abuse of discretion. *In re Bond Forfeiture in Pima County CR–20031154*, 208 Ariz. 368, 369, ¶ 2, 93 P.3d 1084, 1085 (App.2004). We interpret court rules governing appearance bonds de novo. *Old West Bonding Co.*, 203 Ariz. at 471, ¶ 9, 56 P.3d at 45. We examine each of Appellants' arguments in turn.

### Crow's Standing

¶ 13 Appellants argue that there is no Arizona case law on the issue of whether a depositor or indemnitor has standing to contest a bond forfeiture proceeding. Bail bond forfeiture proceedings under Rule 7.6 are civil in nature. *See State v. Martinez–Gonzales*, 145 Ariz. 300, 302, 701 P.2d 8, 10 (App.1985). *See also State v. Rogers*, 117 Ariz. 258, 259, 571 P.2d 1054, 1055 (App.1977) (superseded by Rule on other grounds as recognized by *Old West Bonding, supra*); *State ex rel. Ronan v. Superior Court in and for Maricopa County*, 96 Ariz. 229, 231, 393 P.2d 919, 920 (1964). Appellants argue that because of the civil nature of bond forfeiture proceedings, Crow should have standing based on cases holding that anyone with an interest in money in civil forfeitures has standing. *See United States v. Fifteen Thousand Five Hundred Dollars ($15,-500.00) U.S. Currency*, 558 F.2d 1359, 1360 (9th Cir.1977) (holding that one who contests a forfeiture must be one who claims ownership of or an interest in the property seized); *Matter of $70,269.91 in U.S. Currency*, 172 Ariz. 15, 19, 833 P.2d 32, 36 (App.1991) (holding party to civil forfeiture acquires standing by alleging interest in property).

¶ 14 The trial court noted this argument but held that *State v. Five Thousand Five Hundred Dollars in U.S. Currency*, 169 Ariz. 156, 817 P.2d 960 (App.1991), was not "on point" because it addressed judicial forfeiture proceedings pursuant to A.R.S. § 13–4310, not bond forfeiture proceedings. The trial court also stated that Crow "failed to sufficiently demonstrate that he possess[ed] an interest in the secured appearance bail bond at issue in this proceeding." We hold that a depositor or indemnitor does have standing to contest the forfeiture of a bond in a bond forfeiture proceeding.

¶ 15 We disagree with the trial court that Crow failed to sufficiently demonstrate an interest in the bond at issue. As noted by Appellants, "[i]n a civil forfeiture action, one acquires standing by alleging an interest in the property." *Matter of $70,269.91 in U.S. Currency*, 172 Ariz. at 19, 833 P.2d at 36. Since this proceeding is civil in nature, Crow established, at least initially, that he has an interest in the property involved by his uncontested affidavit, which stated that he posted the bond in this case. Furthermore, he submitted a copy of an application form from Copperstate that indicates he is the indemnitor. By this evidence Crow has shown an interest in the property, as it is his property that is being forfeited. It may be that on

remand Crow will be unable to establish that the money used to fund the bond or the collateral was his. However, Crow should be allowed to testify and attempt to demonstrate that he has an interest in the property.

¶ 16 Because the trial court did not resolve the factual issue of whether Crow had a financial interest in the bond, it erred in finding that Crow had no standing.[5]

### Rules 7.6.d(2)-(3)

¶ 17 Appellants also argue that Rule 7.6.d(2) allows for the exoneration of the appearance bond when a surety returns the defendant to custody. Appellants argue that Crow's actions assisted in bringing Florence into custody and although Crow is not the surety, he is the indemnitor/depositor and his actions were done in furtherance of both Copperstate's and Crow's interests.

¶ 18 Rule 7.6.d(2) states:

If the surety, in compliance with the requirements of A.R.S. § 13–3974, surrenders the defendant to the sheriff of the county in which the prosecution is pending, or delivers an affidavit to the sheriff stating that the defendant is incarcerated in this or another jurisdiction, and the sheriff reports the surrender or status to the court, the court may exonerate the bond.

While this rule does not mandate exoneration of the bond, in the trial court's discretion, the bond may be exonerated if the surety assisted in surrendering the defendant to law enforcement, which may have occurred in this case.

¶ 19 In this case, Florence testified as follows:

But I was talking to … Crow who … said he was a representative of Copperstate … and I was working with them to turn myself in, because it did actually have something to do with my arrest, the day I

got arrested. I—*it was my understanding Crow is the one that called the police.*

¶ 20 Because Crow might have an interest in the bond, we remand so the trial court can consider Crow's involvement in Florence's surrender to custody.[6] While we express no opinion on the outcome of the decision to exonerate the bond, if the trial court determines that Crow did assist in surrendering Florence into custody, then the trial court should determine whether this was done for the benefit of the surety.

### Florence's failure to appear under Rule 7.6.c(2)

¶ 21 Appellants finally argue that Florence gave a valid explanation or excuse for his failure to appear pursuant to Rule 7.6.c(2). We disagree. Florence's answer to the trial court's questions regarding the reason for his absence initially was that he simply did not know he had a court hearing. However, even if Florence did not know that he had a hearing that day, because he did not request the continuance or was not there when his attorney requested the continuance, despite changes in scheduling, Florence failed to meet his responsibility to remain in contact with his attorney to be kept aware of the schedule of his criminal proceedings. *See Martinez–Gonzales,* 145 Ariz. at 302, 701 P.2d at 10 ("An out-of-custody defendant has [the] responsibility to remain in contact with … the court during criminal proceedings."). We find no abuse of discretion in the trial court's finding that Florence failed to give a valid explanation or excuse for his failure to appear.

### CONCLUSION

¶ 22 For the above stated reasons, we find the trial court erred in finding Crow had no standing to contest the bond forfeiture proceedings and by refusing to allow Crow to testify. We remand to allow Crow an oppor-

---

5. Because we remand to determine whether Crow had an interest in and thus standing to contest the forfeiture proceedings, we need not address whether Crow's due process rights were violated by denying him the opportunity to contest the proceedings.

6. We note that "surrender" as defined in "A.R.S. § 13–3974, means the transfer of physical possession of a defendant into the custody of the State and does not occur ·if a bail bondsman merely notifies law enforcement of the location of a defendant within a residential structure." *State v. Affordable Bail Bonds,* 198 Ariz. 34, 39, ¶ 21, 6 P.3d 339, 344 (App.2000).

tunity to testify as to what interest, if any, he may have in the bond and his role in Florence surrendering to the Scottsdale police. Depending on the court's findings, the trial court should then determine whether Florence's bond should be exonerated pursuant to Rule 7.6.d(2).

CONCURRING: PATRICK IRVINE, Judge and PETER B. SWANN, Judge.