IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,               )
                                    )     2 CA-CV 2012-0105
                        Appellant,  )     DEPARTMENT B
                                    )
            v.                      )     O P I N I O N
                                    )
SUN SURETY INSURANCE                )
COMPANY,                            )
                                    )
                        Appellee.   )
                                    )
_____)

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. S1100CR201102570

Honorable Joseph R. Georgini, Judge

AFFIRMED

M. Lando Voyles, Pinal County Attorney
  By Craig Cameron                                                    Florence
                                                        Attorneys for Appellant

Eckert & Facciola PLLC
  By Tamra Facciola                                                       Tempe
                                                         Attorneys for Appellee

E S P I N O S A, Judge.

¶1          The state appeals from the trial court's order exonerating an appearance

bond posted on behalf of criminal defendant Jason Parker, arguing exoneration was not

permissible as a remedy for the court's earlier failure to notify Parker's surety that he had failed to appear for a pretrial hearing. Finding no error, we affirm.

## Background

¶2       We view the facts in the light most favorable to upholding the trial court's judgment. *State v. Garcia Bail Bonds*, 201 Ariz. 203, ¶ 5, 33 P.3d 537, 539 (App. 2001). In October 2011, Parker was indicted on felony charges and was required to post a secured appearance bond of $3,000 as a condition of his release pending trial. Appellee Sun Surety Insurance Company posted the bond through its agent Above & Beyond Bail Bonds (collectively referred to hereafter as "the surety"). When Parker failed to attend a pretrial hearing on March 20, 2012, the trial court issued a warrant for his arrest. The court, however, did not notify the surety of Parker's nonappearance or the consequent arrest warrant. Parker was taken into custody by the Maricopa County Sheriff's Office on April 6. The surety filed a motion seeking to exonerate the bond on the ground it had never been notified that a warrant had been issued and thus had not had the opportunity to return Parker to custody itself and thereby avoid or mitigate forfeiture of the bond. The court granted the surety's motion and exonerated the bond. We have jurisdiction over the state's appeal pursuant to A.R.S. § 12-2101(A)(1). *See State v. Sanders*, 85 Ariz. 217, 335 P.2d 616 (1959) (exercising jurisdiction over state's appeal from order exonerating bond).

## Discussion

¶3       We review for an abuse of discretion a trial court's order exonerating a bond, *see* Ariz. R. Crim. P. 7.6(d)(3), but review *de novo* the court's interpretation of the

2

applicable rules of criminal procedure. *See In re Bond of $75,000*, 225 Ariz. 401, ¶ 5, 238 P.3d 1275, 1278 (App. 2010). The state first contends the court was required to forfeit the bond because Parker had failed to appear for the March 20 hearing and his absence was never explained or excused. Rule 7.6(c)(2), Ariz. R. Crim. P., provides that if a defendant violates a condition of an appearance bond and the violation is not explained or excused, "the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond." In the same vein, however, Rule 7.6(d) grants the court discretion to exonerate the bond. Ariz. R. Crim. P. 7.6(d)(3). In exercising that discretion, "a trial court may consider all the relevant circumstances." *In re Bond Forfeiture in Pima Cnty. Cause No. CR-20031154*, 208 Ariz. 368, ¶ 5, 93 P.3d 1084, 1086 (App. 2004). Thus, even if a defendant has violated bond conditions, the trial court nevertheless retains discretion over the disposition of the bond. Accordingly, that Parker violated the conditions of his bond did not, *ipso facto*, require forfeiture as the state suggests. *See State v. Old West Bonding Co.*, 203 Ariz. 468, ¶ 23, 56 P.3d 42, 48 (App. 2002). We therefore consider whether it was a proper exercise of the trial court's discretion to order exoneration in this case.

¶4 The notice requirement of Rule 7.6(c)(1) provides: "Within ten days after the issuance of the warrant, the court shall notify the surety, in writing or by electronic means, that the warrant was issued." Notwithstanding the state's unsupported assertion to the contrary, we have previously recognized that this requirement provides protection

for the surety.[1]  *See Old West*, 203 Ariz. 468, ¶ 24, 56 P.3d at 48-49; *State v. Jackson*, 184 Ariz. 296, 301 n.5, 908 P.2d 1081, 1086 n.5 (App. 1995).  In *Old West*, we observed that the notice requirement was adopted in response to a request by the Professional Bail Agents of Arizona, Inc., and concluded "[t]he evident purpose of this addition to Rule 7.6 . . . was to allow a surety an opportunity to avoid or mitigate the forfeiture either by locating and surrendering the defendant in compliance with Rule 7.6(d)(2) or by presenting circumstances to the court that would warrant exoneration pursuant to Rule 7.6(d)(3)."  203 Ariz. 468, ¶ 24, 56 P.3d at 48-49.  Here, it is undisputed the trial court did not provide the requisite notice that a warrant had issued, and the surety argues that the lack of notice deprived it of any "real opportunity to try and locate and return the defendant to custody prior to his arrest."  This is the precise scenario described in *Old West*.

¶5          Relying on *In re Bond Forfeiture in CR-94019213*, 191 Ariz. 304, 955 P.2d 541 (App. 1998), and *Jackson*, 184 Ariz. 296, 908 P.2d 1081, the state contends the

---

[1]Paraphrasing, but not citing, our decision in *State v. Rogers*, 117 Ariz. 258, 261, 571 P.2d 1054, 1057 (App. 1977), the state asserts, "The notice provision of Rule 7.6(c) is designed as a prompt enforcement provision for the benefit of the State as oblige[e;] it is not for the benefit of the surety."  But not only is that assertion contradicted by *Old West*, 203 Ariz. 468, 56 P.3d 42, the statement in *Rogers* from which the state apparently draws its contention made no reference to a requirement that the court provide notice of the defendant's arrest because that requirement had not yet been added to the Rules of Criminal Procedure; rather, it discussed the former ten-day time limitation for initiating forfeiture proceedings.  *See* 192 Ariz. LIV (1998) (enlarging deadline to hold bond forfeiture hearing from ten days to 120 days following violation); *see also State v. Jackson*, 184 Ariz. 296, 301 n.5, 908 P.2d 1081, 1086 n.5 (App. 1995) (requirement under A.R.S. § 13-3973, *repealed by* 1999 Ariz. Sess. Laws, ch. 261, § 38, that surety be provided notice of defendant's failure to appear "protect[ed] the surety").  The argument is therefore unpersuasive.

procedural violation in this case did not warrant exoneration of the bond because the surety suffered no prejudice from the lack of notice. Specifically, the state maintains "there is no basis to exonerate the bond . . . if the surety is given the full opportunity to contest the forfeiture before the entry of a forfeiture order." But this argument ignores our observation in *Old West* that a surety who is not properly notified of the defendant's failure to appear is deprived of an opportunity to apprehend the defendant itself and thereby possibly obtain exoneration of at least part of the bond. 203 Ariz. 468, ¶ 24, 56 P.3d at 48-49; *see also* Ariz. R. Crim. P. 7.6(d)(2) (bond may be exonerated if surety surrenders defendant).

¶6      Although in *Bond Forfeiture CR-94019213* we affirmed an order of forfeiture because the surety had not demonstrated actual prejudice resulting from the trial court's failure to give notice, 191 Ariz. 304, ¶ 10, 955 P.2d at 544, the case before us is in a much different procedural posture: it comes to us on appeal from an order granting exoneration, not forfeiture. In *Bond Forfeiture CR-94019213*, we did not hold that a surety must show actual prejudice arising from the lack of notice in order to obtain exoneration of the bond from the trial court in the first instance—indeed, such a requirement would not be supported by Rule 7.6(d)(3). 191 Ariz. 304, ¶ 10, 955 P.2d at 544. Rather, we concluded that when a bond has been forfeited in the lower court, the surety must show prejudice resulting from the lack of notice to obtain reversal of the forfeiture order on appeal. *Id.*; *see also* Ariz. Const. art. VI, § 27 (appellate court may not reverse for mere "technical error").

**¶7** *Jackson*, too, is distinguishable because it concerned the trial court's failure to hold a hearing within ten days of the defendant's failure to appear under A.R.S. § 13-3973, *repealed by* 1999 Ariz. Sess. Laws, ch. 261, § 38, and former Rule 7.6. 184 Ariz. at 300, 908 P.2d at 1085; *see also Old West*, 203 Ariz. at 477, 56 P.3d at 51, *quoting* Ariz. R. Crim. P. 7.6(d) (1973) (trial court required to set show-cause hearing within ten days of violation of bond condition). Despite the untimeliness of the hearing, we affirmed the trial court's order forfeiting the bond, concluding that the failure to comply with the ten-day rule had not prejudiced the surety because opportunity to contest the forfeiture had not been withheld—merely delayed. *Jackson*, 184 Ariz. at 300-01, 908 P.2d at 1085-86. In this case, however, the provision violated was the notice requirement, the purpose of which is to allow the surety an opportunity to find and surrender the defendant and thereby mitigate any forfeiture. *Old West*, 203 Ariz. 468, ¶ 24, 56 P.3d at 48-49. Any such opportunity necessarily ended upon the defendant's arrest.

**¶8** Relying on *Gearing v. State*, 24 Ariz. App. 159, 536 P.2d 1051 (1975), the state also suggests the trial court's violation of the notice requirement was not a ground for exoneration of the bond because the surety had a duty to stay apprised of the proceedings in Parker's criminal case. *See id.* at 160, 536 P.2d at 152 (surety has duty "to keep informed of the defendant's whereabouts and his required court appearances"). But the continued applicability of *Gearing* is questionable because when that case was decided, "there [wa]s no notice requirement anywhere in the Criminal Rules" requiring the court "to notify the surety of the bond forfeiture on the failure of the defendant to

appear at trial." *Id.* This, of course, is no longer the case. *See* 192 Ariz. LIV (1998) (adding to Rule 7.6(c)(1) that court shall notify surety of any violation of appearance bond); *cf. State v. Garza Rodriguez*, 164 Ariz. 107, 111, 791 P.2d 633, 637 (1990) (legislative amendment of statute raises presumption of intentional change to existing law). Thus, although Rule 7.1(f)(3), Ariz. R. Crim. P., still places an affirmative obligation on a surety to "remain in regular contact" with a bonded criminal defendant, the countervailing notice requirement of Rule 7.6(c)(1) tempers this obligation by also imposing a duty on the trial court to provide notice of a defendant's violation of an appearance bond.[2] Accordingly, although "a surety assumes the risk of a defendant's failure to appear," *Pima Cnty. No. CR-20031154*, 208 Ariz. 368, ¶ 4, 93 P.3d at 1085, it is nevertheless entitled to notice of such failure in order to mitigate or avoid forfeiture of the bond. *See* Ariz. R. Crim. P. 7.6(d)(2); *Old West*, 203 Ariz. 468, ¶ 24, 56 P.3d at 48-49. And the state has cited no authority for limiting the trial court's discretion to exonerate a bond in order to cure a notice defect, other than *State v. Rogers*, 117 Ariz. 258, 571 P.2d 1054 (App. 1977), *superseded by rule as stated in Old West*, 203 Ariz. 468, 56 P.3d 42. *See* Ariz. R. Crim. P. 7.6(d)(3); *see also Pima Cnty. No. CR-20031154*, 208 Ariz. 368, ¶ 5, 93 P.3d at 1086 ("In determining whether to order an appearance bond forfeited, a trial court may consider all the relevant circumstances . . . .").

---

[2]It is not difficult to conceive that even if a surety maintains regular contact with a defendant as required by Rule 7.1(f)(3), the defendant might not alert the surety of his failure to attend a court hearing, thereby still leaving the surety without notice of an outstanding warrant.

¶9 Finally, the state suggests that even if the trial court had discretion to exonerate the bond, it failed to exercise any discretion in this matter as demonstrated by the judgment in which the court stated that the failure to provide notice "mandates the exoneration of the bond in its entirety." Asserting the surety's "argument was [that] the lack of notice mandated exoneration and precluded the court from exercising discretion," the state argues a remand for further proceedings is warranted. However, the surety did not argue exoneration was mandatory but maintained only that it was "the fair thing to do." Moreover, the record as a whole, including that the state supplied the form of judgment and mandatory language contained therein, persuades us that the court believed the circumstances of this case militated in favor of exoneration and its order was the product of its exercise of discretion.

**Conclusion**

¶10 A surety may not be entitled to exoneration of its bond any time a trial court fails to provide the notice required by Rule 7.6(c)(1), but the state has not established that the trial court erred by exonerating the bond in the present case. We accordingly find no abuse of discretion, and the order of exoneration is therefore affirmed.

/s/ _Philip G. Espinosa_

PHILIP G. ESPINOSA, Judge

CONCURRING:

/s/ _Garye L. Vásquez_

GARYE L. VÁSQUEZ, Presiding Judge

/s/ _Michael Miller_

MICHAEL MILLER, Judge

8