NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

―――――――――――――――

STATE OF ARIZONA, *Appellee,*

*v.*

SENECA INSURANCE COMPANY, *Appellant.*

No. 1 CA-CV 13-0414
FILED 06-17-2014

―――――――――――――――

Appeal from the Superior Court in Yavapai County
No. P1300CR201000704
The Honorable Cele Hancock, Judge

**AFFIRMED**

―――――――――――――――

COUNSEL

Yavapai County Attorney's Office, Prescott
By Thomas M. Stoxen
*Counsel for Appellee*

Eckert & Facciola, P.C., Tempe
By Tamra S. Facciola
*Counsel for Appellant*

—————————————————

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maurice Portley joined.

—————————————————

**GOULD**, Judge:

¶1　　　　Seneca Insurance Company ("Seneca") appeals from the trial court's judgment forfeiting an appearance bond. For the reasons that follow, we affirm.

## BACKGROUND[1]

¶2　　　　On July 16, 2010, Liberty Bail Bonds ("Liberty") posted a $150,000 bond ("Bond") to secure the appearance of Marcus Coleman, a defendant charged with money laundering. The Bond identifies Liberty as the "attorney in fact" for Seneca, the surety. In the event of forfeiture, the Bond directs that Seneca and Liberty receive notice at their respective addresses in New York and Arizona.

¶3　　　　After his release, Coleman appeared before the trial court for three hearings. On December 17, 2010, Ohio authorities arrested and indicted Coleman for receiving a delivery of more than two hundred pounds of marijuana. Coleman was released on bond on the Ohio charges, and the trial court in Arizona waived his appearance at the next hearing. However, when Coleman failed to appear at a May 16, 2012 hearing, the trial court issued a bench warrant, set bond at $500,000, and sent a copy of its order to Liberty, Coleman, and the State.

¶4　　　　By the time the trial court conducted its bond forfeiture hearing on February 4, 2013, Ohio authorities had indicted Coleman for possession of ecstasy and he had been in custody in Ohio since October 13, 2012. Neither Coleman nor his attorney attended the forfeiture hearing in Arizona. During the hearing, the State reminded the court that

---

[1] We examine the evidence in the light most favorable to supporting the trial court's judgment. *See State v. Old W. Bonding Co.*, 203 Ariz. 468, 471, ¶ 9, 56 P.3d 42, 45 (App. 2002).

it had waived Coleman's appearance at the May 16, 2012 hearing; as a result, the State requested forfeiture of the bond based solely upon his failure to appear at the February 4, 2013 forfeiture hearing. The trial court accordingly set a bond forfeiture hearing for March 4, 2013 with separate notices to Seneca and Liberty.

**¶5** Prior to the forfeiture hearing, Seneca filed a motion to exonerate its Bond claiming it had suffered prejudice from the court's lack of notice concerning the bench warrant. Seneca argued that based on the lack of notice, it "could not perform its duty" and had "zero opportunity to locate the defendant." Seneca also reported for the first time that Liberty had surrendered its bond posting authority in October 2011. After briefing and oral argument, the trial court entered a Rule 54(b) judgment forfeiting the entire Bond.

**¶6** Seneca unsuccessfully moved for a new trial under Rule 59(a) of the Arizona Rules of Civil Procedure. This appeal followed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(5)(a) (2014).

## DISCUSSION

**I. The Trial Court Did Not Abuse Its Discretion By Forfeiting The Entire Bond.**

**¶7** Seneca challenges the trial court's forfeiture of the Bond. We review the forfeiture decision for abuse of discretion, but construe the rules governing appearance bonds de novo. *State v. Garcia Bail Bonds*, 201 Ariz. 203, 205, ¶ 5, 33 P.3d 537, 539 (App. 2001).

**¶8** A surety assumes the risk that a defendant will not appear and a forfeiture will occur. *In re Bond Forfeiture in Pima Cnty.*, 208 Ariz. 368, 369, ¶ 4, 93 P.3d 1084, 1085 (App. 2004). "If at the hearing, the violation is not explained or excused, the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond . . . ." Ariz. R. Crim. P. 7.6(c)(2). To obtain reversal of a forfeiture, the surety must show prejudice from the trial court's failure to give notice. *State v. Sun Surety Ins. Co.*, 232 Ariz. 79, 81-82, ¶ 6, 301 P.3d 583, 585-86 (App. 2013).

**¶9** Seneca contends that the trial court abused its discretion by failing to consider the prejudice it allegedly suffered due to lack of notice of the May 2012 bench warrant. Arizona Rule of Criminal Procedure 7.6(c)(1) provides that "the court shall notify the surety, in writing or by

electronic means, that the warrant was issued." With proper notice, Seneca contends, it could have returned Coleman and mitigated its liability.[2]

**¶10** Seneca disregards the fact that the forfeiture in this case was based on Coleman's failure to attend the February 2013 forfeiture hearing. The trial court noted that the bench warrant for the May 2012 hearing had been issued in error because the court had already waived Coleman's appearance; as a result, the court determined that Coleman had not "violated a condition of the appearance bond" by failing to appear on May 16, 2012. *See* Ariz. R. Crim. P. 7.6(c)(1). Seneca received notice of Coleman's failure to appear at the February 2013 hearing, and had a full opportunity to litigate its motion for exoneration at the subsequent forfeiture hearing.

**¶11** Even if we assume the lack of notice to Seneca is relevant, the trial court still had discretion to forfeit the entire Bond. We have previously held that a full exoneration of an appearance bond is mandatory only when a defendant has not violated any condition of the bond. *State v. Old W. Bonding Co.*, 203 Ariz. 468, 472-73, ¶ 17, 56 P.3d 42, 46-47 (App. 2002). In *Old West*, the surety claimed that it did not receive timely notice of the bench warrant and consequently lost the opportunity to apprehend the defendant before his incarceration. *Id.* at 475, ¶ 27, 56 P.3d at 49. We held that exoneration was not mandatory despite the lack of notice, because even if the surety had arrested the defendant after receiving timely notification, "exoneration of the bond would still have been discretionary with the court." *Id.* at ¶ 28; *see also* A.R.S. § 13-3974(A) (Supp. 2013) ("A surety shall be relieved from liability on an appearance bond on which the defendant is released if . . . [t]he surety surrenders the defendant on that appearance bond into the custody of the sheriff . . . ."); Ariz. R. Crim. P. 7.6(d)(1) (a court is required to exonerate a bond only if there is no further need for it).

**¶12** Under *Old West*, a trial court has discretion to order a full or partial forfeiture based on consideration of several factors, including: (1) whether the failure to appear due to incarceration arose from a crime committed before or after release on bond, (2) the willfulness of the defendant's appearance bond violation, (3) the surety's effort and expense

---

[2] Seneca's argument requires us to assume that it did not receive notice of the bench warrant, notwithstanding the fact that the trial court sent notice to Liberty, Seneca's attorney-in-fact on the Bond.

in locating and apprehending the defendant, (4) the costs, inconvenience, and prejudice to the State, (5) intangible costs, (6) the public interest in securing the defendant's appearance, and (7) other mitigating or aggravating factors. *Old West*, 203 Ariz. at 475, ¶ 26, 56 P.3d at 49.

¶**13**         The record does not reflect the trial court was unaware of the *Old West* factors, ignored evidence, or misinterpreted the applicable rules. Coleman failed to appear on February 4, 2013 because he was incarcerated for an offense allegedly committed in Ohio while out on bond. *See id.* Seneca offered no affidavit or other evidence documenting its claimed prejudice from lack of notice. S*ee id.* It also did not provide any information as to efforts it made, if any, to obtain pertinent information about Coleman at the time Liberty surrendered its bond-posting authority in October of 2011. Indeed, Seneca conceded in its motion to exonerate that it had no knowledge of Coleman's status between May 16, 2012 and February 13, 2013, and provided no proof of efforts to monitor or apprehend him. *See id.*

¶**14**         Nevertheless, Seneca argues the trial court erroneously failed to consider the lack of separate notice to Seneca as at least a mitigating factor. We disagree. Although the trial court made no express findings as to lack of notice, we assume the trial court found every fact necessary to support its ruling, and we will affirm if the evidence reasonably supports its decision. *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 254, ¶ 10, 63 P.3d 282, 285 (2003). We must further presume that the trial court knew the law and applied it when deciding this case. *Fuentes v. Fuentes*, 209 Ariz. 51, 58, ¶ 32, 97 P.3d 876, 883 (App. 2004).

¶**15**         Throughout its brief and in its trial court filings, Seneca claimed no knowledge of Coleman's status and never explained its failure to be apprised of his whereabouts. At oral argument, Seneca complained about its lack of notice that Liberty had ceased to do business; however, the record is silent as to what efforts, if any, Seneca made to review the status of its bond agents such as Liberty. More to the point, as the surety, Seneca was required to stay apprised of Coleman's status and take steps to assure all court appearances. Rule 7.6(c)(1) does not require the trial court to update Seneca about any developments apart from its issuance of a bench warrant.

¶**16**         If Seneca had fulfilled its obligations as surety, it could have mitigated its prejudice by apprehending and surrendering Coleman after his first Ohio arrest in December 2010 and prior to his incarceration in October 2012. *See In re Bond in Amount of $75,000*, 225 Ariz. 401, 406-07,

¶ 15, 238 P.3d 1275, 1280-81 (App. 2010) (explaining that a warrant is not a prerequisite to initiating forfeiture proceedings). Seneca also could have kept in contact with Liberty to obtain information on Coleman until Liberty ceased operation. However, nothing in the record shows that it chose to do so.

**¶17** Accordingly, based on the record, we find no abuse of discretion in the full forfeiture of the Bond. *See In re Bond Forfeiture in CR-94019213*, 191 Ariz. 304, 306-07, ¶¶ 9-11, 955 P.2d 541, 543-44 (App. 1998) (holding that a court could not presume prompt notice to the surety would cure the violation of a release condition).

## II. Seneca Did Not Suffer Prejudice from the Delay of the Hearing.

**¶18** Seneca alternatively argues that the trial court violated Rule 7.6(c)(1) by conducting a forfeiture hearing more than 120 days after the issuance of the bench warrant. The rule requires the court to "set a hearing within a reasonable time not to exceed 120 days." Ariz. R. Crim. P. 7.6(c)(1). The trial court issued the bench warrant on May 16, 2012, but did not set the February 4, 2013 hearing until December 18, 2012.

**¶19** Although Seneca claims prejudice from the delay, it supplies no affidavit or other substantiating proof. Although holding a hearing earlier, with notice to Seneca, may have increased Seneca's chances of apprehending Coleman, we cannot presume that the effort would have succeeded. *See State v. Jackson*, 184 Ariz. 296, 301 n.5, 908 P.2d 1081, 1086 n.5 (App. 1995). Like the trial court, we decline to presume prejudice under these circumstances. *See In re Bond Forfeiture In CR-94019213*, 191 Ariz. at 306-07, ¶¶ 8-9, 955 P.2d at 543-44 (declining to presume prejudice from one-year delay in holding hearing and affirming bond forfeiture).

## III. Seneca Misplaces Its Reliance Upon *Sun Surety*.

**¶20** The parties dispute whether a surety's obligations have been altered by the amendment to Rule 7.6(c) requiring notice of bench warrants. As authority for this argument, Seneca relies upon *State v. Sun Surety*, 232 Ariz. 79, 301 P.3d 583.

**¶21** Seneca's reliance on *Sun Surety* is misplaced. In *Sun Surety*, the surety posted a $3000 appearance bond for a defendant indicted for a felony. *Id*. at 80, ¶ 2, 301 P.3d at 584. Five months later, the defendant failed to attend a pretrial hearing, and the trial court issued a bench warrant without notice to the surety. *Id.* The sheriff apprehended the defendant sixteen days later, and the surety requested and secured a full

exoneration of its bond. *Id.* We upheld the exoneration on appeal, stating that the trial court could, in its discretion, consider the lack of notice in determining whether to exonerate the bond. *Sun Surety*, 232 Ariz. at 83, ¶¶ 9-10, 301 P.3d at 587. We cautioned, however, that a surety "may not be entitled to exoneration of its bond any time a trial court fails to provide the notice required by Rule 7.6(c)(1)." *Id.* at ¶ 10.

**¶22** In short, *Sun Surety* does not alter the obligations of a surety; the decision simply emphasizes that a trial court has broad discretion in determining whether to exonerate or forfeit a bond.

## CONCLUSION

**¶23** We affirm the trial court's decision forfeiting the bond posted by Seneca.



Ruth A. Willingham · Clerk of the Court
FILED: gsh