NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Plaintiff/Appellee*,

v.

QUICK BAIL, INC., *Defendant/Appellant*.

No. 1 CA-CV 18-0756

FILED: 10-8-2019

Appeal from the Superior Court in Maricopa County
No. CR2013-003380-001
The Honorable Thomas A. Kaipio, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Kimberly Felcyn
*Counsel for Plaintiff/Appellee*

Dumond & Doran, PLLC, Phoenix
By Samantha Kelli DuMond
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

---

**W E I N Z W E I G**, Judge:

¶1        Quick Bail, Inc. ("Quick") appeals the superior court's order forfeiting a $50,000 appearance bond.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Alphonso Taylor was charged with three felony counts in August 2013.  Quick posted a $50,000 appearance bond securing Taylor's release in September 2015.  A final release order directed Taylor to "appear at all court proceedings in this case," "answer and submit to all further orders and processes of the court," and "not leave the state without permission of the court."  The order also cautioned that the court "may" forfeit the bond if Taylor "violate[d] any conditions of this release order."

¶3        After a six-day trial, the jury reached a guilty verdict on July 18, 2018.  Although Taylor had attended the trial until then, he failed to appear when the court convened to hear the verdict.  Taylor's attorney told the court that he received a text message from Taylor "indicating that there had been a death in the family" and that he "was on a flight to Michigan." Taylor's absence violated the terms of his release order.  The court immediately issued a bench warrant and set a bond forfeiture hearing.

¶4        A federal DEA agent was in the courtroom when the verdict was read and the arrest warrant issued.  The agent obtained a copy of the warrant and alerted Michigan police.  Taylor was arrested in Michigan within three hours after issuance of the arrest warrant.  Two days later, Quick received notice of the arrest warrant.

¶5        Quick moved to exonerate the bond.  The court held a bond forfeiture hearing in November 2018.  Quick argued the bond should be exonerated because the State provided Quick with delayed notice of Taylor's failure to appear and Taylor had good cause.  The court ultimately forfeited the bond. The court recognized that Taylor's excuse was factually inaccurate because the death he cited had occurred 10 days before the verdict and did not involve a family member.

## DISCUSSION

**¶6** After the violation of conditions in an appearance bond, the superior court may order forfeiture of the bond, in part or in full. Ariz. R. Crim. P. 7.6(c)(3); *State v. Old W. Bonding Co.*, 203 Ariz. 468, 474, ¶ 23 (App. 2002). We review a superior court's forfeiture determination for an abuse of discretion and view the record in the light most favorable to sustaining the judgment. *State v. Sun Surety*, 232 Ariz. 79, 80-81 ¶¶ 2-3 (App. 2013).

**¶7** Quick first argues that it received untimely notice of Taylor's absence and arrest warrant from the State, but the record demonstrates otherwise. The rules of criminal procedure direct that a surety receive notice within 10 days after the court issues a bench warrant for a defendant's failure to appear. Ariz. R. Crim. P. 7.6(c)(1). The State told Quick about the arrest warrant here after only two days. This court cannot shorten the deadline based on Quick's asserted rationale for the notice requirement.

**¶8** Quick next asserts that forfeiting the entire bond violates the Eighth Amendment's protection against excessive fines because the bond was "more than ten times the cost of extradition." Quick offers no relevant legal authority for this argument, which is thus waived. ARCAP 13(a)(7)(A).

## CONCLUSION

**¶9** We affirm the superior court's forfeiture order. And because Quick has not prevailed on appeal, we decline its request for attorney's fees.

