NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DENNIS LINDGREN, et al., *Appellants*,

*v.*

STATE OF ARIZONA, *Appellee*.

No. 1 CA-CV 19-0796
FILED 9-10-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201900879
The Honorable Rick Lambert, Judge

**AFFIRMED**

COUNSEL

Rideout Law PLLC, Lake Havasu City
By Bradlee H. Rideout, Wendy Marcus
*Counsel for Appellants*

Mohave County Attorney's Office, Kingman
By Amanda Claerhout
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Cynthia J. Bailey joined.

---

**C A T T A N I**, Judge:

**¶1**　　　　Surety Allegheny Casualty Company, bonding company Didn't Do It Bail Bonds, and indemnitor Dennis Lindgren (collectively, "Appellants") appeal from the superior court judgment forfeiting a $100,000 secured appearance bond after criminal defendant Yefry Harrison Arias-Saldana failed to appear for trial. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　In mid-2019, the State charged Arias-Saldana with three drug offenses. The superior court set release conditions, including a $100,000 secured appearance bond and a requirement that Arias-Saldana appear for all further proceedings. Arias-Saldana was released from custody in late August 2019 after Didn't Do It and Allegheny posted the $100,000 appearance bond on his behalf.

**¶3**　　　　Arias-Saldana appeared as required for the first day of trial but failed to appear the second day. After the jury returned two guilty verdicts, the court issued a bench warrant for Arias-Saldana's arrest and set a bond forfeiture hearing for the following month. The court ordered that notice of the upcoming hearing be sent to Didn't Do It and Allegheny, as well as to the State and Arias-Saldana's attorney.

**¶4**　　　　Only the State and a representative of Didn't Do It appeared for the initial bond forfeiture hearing; neither Arias-Saldana nor his attorney appeared. At Didn't Do It's request, the court continued the hearing for three weeks to allow the bonding company additional time to retrieve Arias-Saldana from out of state. At the continued hearing, only the State was present; Arias-Saldana remained absent, and Didn't Do It's representative did not appear. The superior court forfeited the full $100,000 bond, entering judgment against Arias-Saldana, Didn't Do It, and Allegheny.

**¶5**　　　　Didn't Do It, Allegheny, and indemnitor Dennis Lindgren (who apparently gave Allegheny a deed of trust on his house as collateral

for a large portion of the bond) timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶6** Preliminarily, the State argues that Lindgren lacks standing to challenge the bond forfeiture and asks us to dismiss the appeal on that basis. But we have previously recognized that an indemnitor may have an interest in property to be forfeited and thus have standing to contest a bond forfeiture. *See State v. Copperstate Bail Bonds*, 222 Ariz. 193, 195, ¶¶ 13, 15 (App. 2009). And although Lindgren did not participate in the superior court proceedings, a nonparty may appeal a civil judgment such as this in limited circumstances, including when the judgment adversely affects the nonparty's legal rights or pecuniary interests in a direct, immediate, and substantial manner. *See Dowling v. Stapley*, 221 Ariz. 251, 274–75, ¶¶ 76, 78 (App. 2009); *Abril v. Harris*, 157 Ariz. 78, 80–81 (App. 1987). As Lindgren's property secures the bulk of the bond that this judgment forfeited, his potential loss is plausibly brought about directly and substantially by the judgment itself. *See Dowling*, 221 Ariz. at 274–75, ¶ 78. Under these circumstances, we decline to dismiss Lindgren or the appeal.

**¶7** Appellants argue that the bond forfeiture proceeding was rendered defective because Lindgren was not provided notice of the forfeiture hearing and was thus deprived of due process. But while notice to the surety was required, notice to the indemnitor was not. Under the rule governing bond forfeiture, the court must notify the surety when issuing an arrest warrant due to the defendant's violation of a release condition, and the court must notify the surety and the parties of any forfeiture hearing. Ariz. R. Crim. P. 7.6(c)(1), (2). Here, the court provided such notice to the surety. Moreover, the record did not show that Lindgren was involved: the documents filed when Arias-Saldana posted bond referred to Didn't Do It and Allegheny but not to Lindgren. Appellants suggest that the State should have intuited that a third-party indemnitor was involved because of Arias-Saldana's indigency, but they offer no compelling reason to place the burden of such speculation on the State rather than allowing the surety and the indemnitor to provide for such notice, if desired, in their contractual relationship.

**¶8** Finally, Appellants challenge the sufficiency of the evidence to support the superior court's decision to forfeit the bond and to forfeit the full $100,000 rather than a lesser amount. We review the court's forfeiture determination for an abuse of discretion, considering the record in the light

most favorable to sustaining the judgment. *State v. Old West Bonding Co.*, 203 Ariz. 468, 471, ¶ 9 (App. 2002).

**¶9** The primary purpose of an appearance bond is to ensure that a criminal defendant appears at court proceedings. *State v. Garcia Bail Bonds*, 201 Ariz. 203, 208, ¶ 19 (App. 2001). Once a defendant fails to appear, the court has discretion to forfeit all or part of the bond unless the violation is excused. Ariz. R. Crim. P. 7.6(c)(3). At that point, the burden is on the surety to show by a preponderance of the evidence some explanation or other mitigating factor excusing the defendant's non-appearance. *See State v. Bail Bonds USA*, 223 Ariz. 394, 397, ¶ 11 (App. 2010). Relevant considerations may include:

> (1) whether the defendant's failure to appear due to incarceration arose from a crime committed before or after being released on bond; (2) the willfulness of the defendant's violation of the appearance bond; (3) the surety's effort and expense in locating and apprehending the defendant; (4) the costs, inconvenience, and prejudice suffered by the state as a result of the violation; (5) any intangible costs; (6) the public's interest in ensuring a defendant's appearance; and (7) any other mitigating or aggravating factors.

*Old West*, 203 Ariz. at 475, ¶ 26.

**¶10** Here, Appellants do not dispute that Arias-Saldana failed to appear for the second day of trial, and they instead underscore an absence of evidence regarding the *Old West* factors. Once Arias-Saldana failed to appear, however, the burden fell not on the State to prove that forfeiture was justified, but rather on those opposing forfeiture to prove an excuse for Arias-Saldana's absence and thereby show cause why the bond should not be forfeited. *See Bail Bonds USA*, 223 Ariz. at 397, ¶ 11; *State ex rel. Corbin v. Superior Court*, 2 Ariz. App. 257, 261 (App. 1965) ("When a defendant is absent at the appointed time, the State has the right to a forfeiture and the burden of proof rests with the surety to show reasonable cause."); *see also* Ariz. R. Crim. P. 7.6(c)(2)–(3). The lack of evidence on which Appellants rely simply highlights the absence of proof of an excuse for Arias-Saldana's absence and thus undermines their opposition to both the fact and amount

of forfeiture.[1]   Accordingly, Appellants have failed to show that the superior court abused its discretion by forfeiting the bond in full.

**CONCLUSION**

¶11     The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[1]     Although Appellants expressed an intent to order transcripts of the bond forfeiture hearings and appear to cite to such transcripts in the briefing, no transcripts were filed in this court.  An appellant is responsible for ensuring that the record on appeal includes all transcripts necessary to resolve the issues raised on appeal.  *See* ARCAP 11(c)(1)–(2).  If the appellant fails to do so, we presume the missing transcripts would support the superior court's ruling.  *See State ex rel. Dept. of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003).  Moreover, as described above, even assuming the transcripts show a lack of evidence as Appellants claim, the absence of evidence itself supports the court's conclusion that Appellants failed to show cause to avoid forfeiture.